364 P.2d 356

UNITED STATES of America, Plaintiff-Appellant,

v.

BUREAU OF REVENUE of the State of New Mexico, and F. A. Vigil, Substituted Commissioner of Revenue, and George M. Case, Substituted Director, School Tax Division, Bureau of Revenue, Defendants-Appellees.

No. 6888.

Supreme Court of New Mexico.

Aug. 24, 1961.

John F. Quinn, U. S. Atty., Albuquerque, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz and George F. Lynch, Dept. of Justice, Washington, D. C., for appellant.

John W. Chapman, Chief Counsel, Santa Fe, Albert I. Cornell, Bureau of Revenue, Albuquerque, for appellees.

COMPTON, Chief Justice

This is an action by the United States of America and Acoma Corporation against the Bureau of Revenue of the State of New Mexico, Commissioner of Revenue, and the Director of School Tax Division, Bureau of Revenue, seeking a declaratory judgment that neither the United States of America nor Acoma Corporation are subject to the New Mexico Emergency School Tax Act, Sections 72–16–1 to 72–16–47, 1953 Compilation, as amended; or, in the alternative, that the Act be declared unconstitutional in that it discriminates against the United States, its instrumentalities and agencies, and because the tax violated the constitutional immunity of the United States, its instrumentalities and agencies from state and local taxation, and for a recovery of taxes paid by Acoma under protest, in compliance with the Act.

The defendants interposed a motion to dismiss the action because the United States was not a party in interest since it does not pay taxes and, further, that the tax involved is a *privilege tax*. The motion was sustained and an order was entered removing the United States of America as a party plaintiff from which the United States only prosecutes this appeal.

The correctness of the ruling of the court is to be tested by the facts alleged. The complaint alleges, among other matters, that Acoma Corporation is a domestic corporation engaged in the business of fab-

ricating and manufacturing various items to customers' specification; that during the periods from June 7, 1957, through November 30, 1958, and during February, 1959, the United States, acting through the Atomic Energy Commission and its agent, Sandia Corporation, made payments to Acoma Corporation in amounts of $153,121.24 and $5,408.50 respectively, for services rendered by Acoma in performing work on certain tangible personal property and for payments for certain items of personal property manufactured, sold, and delivered by Acoma to the United States; that a *sales tax* was assessed thereon by the defendants against Acoma in amount of $3,170.59, which amount was advanced by the United States and paid under protest by Acoma; that the amount thus advanced to Acoma was made pursuant to a written agreement between Acoma and the United States whereby the United States advanced to Acoma the amount thus paid by Acoma under protest; that Acoma alone, or joined with the United States, would institute proceedings to recover such sum and, from any amount so recovered, would reimburse the United States.

■ Under these facts, which must be accepted as true, we conclude that the appellant is a real party in interest. Section 21–1–1(17) (a), 1953 Compilation. Having thus advanced the amount paid by Acoma under protest, appellant has a financial interest in the cause of action and is a proper and necessary party to maintain the suit to protect its interest. Section 21–1–1 (19) (a), 1953 Compilation.

■■ In Reagan v. Dougherty, 40 N.M. 439, 62 P.2d 810, we laid down the rule that the real party in interest is to be tested by whether the plaintiff is the owner of the right sought to be enforced, or whether he is in a position to release and discharge the defendant from liability upon which the action is grounded. These tests were later applied in Turner v. New Brunswick Fire Ins. Co., 45 N.M. 126, 112 P.2d 511; State v. Barker, 51 N.M. 51, 178 P.2d 401; and Sellman v. Haddock, 62 N.M. 391, 310 P.2d 1045. Also see the recent 10th Cir. Court case, 291 F.2d 677; United States v. Bureau of Revenue of New Mexico, where the court held, on similar facts, that the United States is a proper and necessary party to the action. There is no room to doubt the soundness of that decision. Compare United States v. Allegheny County, 322 U.S. 174, 64 S.Ct. 908, 88 L.Ed. 1209 and County of San Bernardino v. Harsh California Corp., 52 Cal.2d 341, 340 P.2d 617.

As previously noted, other questions are raised by the pleadings; however we decline to consider them as they are first to be considered and determined at a hearing on the merits.

The order is reversed and remanded with direction to the trial court to enter an order

reinstating the United States of America as a party plaintiff.

It is so ordered.

CHAVEZ and MOISE, JJ., concur.

CARMODY and NOBLE, JJ., not participating.