Clyde **HUFBAUER** and Clyde **Hufbauer,**
**Architect, Inc., a California corpo-**
**ration, Plaintiffs,**

v.

**UNITED STATES of America,**
**Defendant.**

**No. 67–218.**

United States District Court
S. D. California.

Dec. 30, 1968.

Thomas F. Greaves, of Hewitt & Greaves, San Diego, Cal., for plaintiffs.

Mitchell Rogovin, Asst. Atty. Gen., Jerome Fink, Robert Livingston, Attys., Dept. of Justice, Washington, D. C., for defendant.

## OPINION AND MEMORANDUM OF DECISION AND JUDGMENT

SCHWARTZ, District Judge.

This is an action brought by an individual and a corporation for refund of federal income taxes paid for the year 1959. Clyde Hufbauer as an individual, and Clyde Hufbauer, Architect, Inc., a California corporation, each seeks to recover on the theory of equitable recoupment taxes paid in the amount of $32,-521.98 for income earned during the period between January 1, 1959, and April 20, 1959. This court has jurisdiction under 28 U.S.C. § 1346.

This case came on for a pretrial conference on July 26, 1968. At that time, the court approved the parties' proposed Pretrial Conference Order, and further ordered the case submitted upon briefs alone at the request of the parties since no factual issues remained for trial. The parties filed briefs in accordance with the November 1, 1968, deadline.

The main facts are not in dispute and are set out at pages 2–3 of the Pretrial Conference Order filed on September 16, 1968, as follows:

"Prior to the year 1959, plaintiff, Clyde Hufbauer, had conducted an architectural business as sole proprietor. It was decided to incorporate that business and on April 21, 1959, a corporate charter was granted by the State of California."

"The plaintiff, Clyde Hufbauer, Architect, Inc., was incorporated on April 21, 1959, as a successor to the architectural business previously conducted by plaintiff, Clyde Hufbauer, as sole proprietor. On or about September 14, 1959, the plaintiff corporation filed a federal income tax return for the period January 1, 1959 to June 30, 1959, and paid $38,255.32 in federal income taxes shown to be due thereon to the District Director of Internal Revenue at Los Angeles, California, prior to the end of the year 1959. It included in that return all of the income ($125,102.73) and deductions ($60,068.88) of the proprietorship from January 1, 1959, to April 20, 1959, and its own income and deductions for the period April 21, 1959 to June 30, 1959."

"The plaintiff, Clyde Hufbauer, and his former wife, Arabella Hufbauer, filed a joint federal income tax return for the calendar year 1959 with the District Director of Internal Revenue at Los Angeles on or about April 15, 1960, and did not report any income or deductions from the architectural business carried on as a sole proprietorship during the period January 1, 1959 to April 20, 1959. Upon audit the Commissioner of Internal Revenue determined that the said omission was incorrect and, accordingly, assessed an income tax deficiency against plaintiff, Clyde Hufbauer, in the amount of $41,921.56 and interest in the amount of $15,755.04. The assessment was timely made on July 22, 1966 since the six-year statute of limitations on assessment applied where an amount omitted from gross income was more than 25% of the gross income reported."

"At the time the defendant commenced its audit of plaintiff, Clyde Hufbauer, which led to the assessment involved herein, the period of limitations for obtaining a refund on behalf of corporate plaintiff, Clyde Hufbauer, Architect, Inc., had expired; the period of limitations having expired on September 15, 1962."

"The amount of the said assessment against plaintiff, Clyde Hufbauer, was based upon the inclusion of $65,033.85 as taxable income to plaintiff, Clyde Hufbauer, which was reported by the plaintiff, Clyde Hufbauer, Architect, Inc., and the amount of $566.20 attributable to certain auto expenses paid by the corporate plaintiff which was deemed to be informal dividends to Mrs. Arabella Hufbauer. (The $566.20 informal dividends to Mrs. Arabella Hufbauer are not in issue). The said deficiency of $41,921.56 and interest of $15,755.04 was assessed against and paid by the individual plaintiff on August 2, 1966, and, on or about September 23, 1966, he filed a claim for the refund thereof with the District Director of Internal Revenue. On or about September 23, 1966, the

corporate plaintiff also filed a claim with the District Director of Internal Revenue for the refund of federal income taxes paid by it for the period January 1, 1959 to April 20, 1959, in the amount of $32,521.98. (The corporate tax payable upon the said $65,033.85)."

In an addendum to the Pretrial Conference Order filed on September 16, 1968, the parties agreed that "at all times material to this suit plaintiff Clyde Hufbauer was the sole stockholder of plaintiff Clyde Hufbauer, Architect, Inc."

The parties agree that the claim for refund filed by the corporate plaintiff was not filed within the statutory period of limitations prescribed therefor. See 26 U.S.C. § 6511(a).

It is not contested that defendant here timely made an assessment against Clyde Hufbauer individually pursuant to the six-year statute of limitations provided by 26 U.S.C. § 6501(e).

The sole issue to be decided is specified in the Pretrial Conference Order: whether either the individual or the corporate plaintiff is entitled to a refund on the theory of equitable recoupment. The briefs filed by the parties are limited exclusively to this issue.

The doctrine of equitable recoupment is based primarily on two Supreme Court cases, Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935), and Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265, opinion recast, 302 U.S. 639, 57 S.Ct. 851, 82 L.Ed. 497, rehearing denied, 302 U.S. 777, 58 S.Ct. 260, 82 L.Ed. 601 (1937). In Bull v. United States, *supra*, the Supreme Court held that an equitable "defense" in the nature of recoupment may be available despite the fact that an independent suit for refund is barred by the applicable statute of limitations. There the Court permitted recovery by the executor of the taxpayer's estate where one sum had been taxed twice—once as corpus and once as income—and where the statute of limitations would have barred an independent suit for the refund of the estate tax paid. In Stone v. White, *supra*, the Court applied the theory of equitable recoupment in favor of the Government, refusing refund to trustees, who had paid taxes which the beneficiary of the trust should have paid, where the applicable statute of limitations barred any action by the Government to collect the tax from the beneficiary.

Since Bull v. United States, *supra*, and Stone v. White, *supra*, were decided, the potentially broad defense of equitable recoupment has been steadily narrowed. In Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296 (1946), the Court discussed the facts of both *Bull* and *Stone* and concluded: "Whatever may have been said indicating a broader scope to the doctrine of recoupment, these facts are the only ones in which it has been applied by this Court in tax cases." 329 U.S. at p. 300, 67 S.Ct. at p. 273. The Court pointed out that in both *Bull* and *Stone* a single transaction had been taxed twice, on two inconsistent legal theories; furthermore, the Court pointed out that in *Stone* any recovery by the trustees would have inured to the benefit of the beneficiary, who had otherwise escaped tax by the operation of the statute of limitations. The taxpayer in *Rothensies* argued that if the excise taxes which had been earlier recovered were properly treated as "income", the amount of those excise taxes which had not been recoverable in the earlier action due to the statute of limitations should be treated as a recoupment. However, the Court rejected the taxpayer's assertion of equitable recoupment as a basis for refund where the Internal Revenue Service had assessed a deficiency for income taxes based on the taxpayer's partial recovery of erroneously paid taxes in the earlier refund action. Nevertheless, it should be noted in *Rothensies* that the Court does not reject the availability of recoupment in proper "single transaction" cases such as *Bull* and *Stone;* it simply declines to countenance a general throwing open of the bar of the statute of limitations to claims of recoupment arising out of unrelated taxable events.

The Ninth Circuit, in Wells Fargo Bank & Union Trust Co. v. United States, 245 F.2d 524 (9th Cir. 1957), quoted from a Second Circuit case, Wood v. United States, 213 F.2d 660, 661 (2nd Cir. 1954), in summarizing the decreased viability of the doctrine:

'The gap in statutes of limitation created by the recoupment doctrine in tax cases seemed at one time to be fairly wide. But the gap has been narrowed markedly by McEachern v. Rose, 302 U.S. 56, 58 S.Ct. 84, 82 L.Ed. 46, and Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296. Frankly, we do not know just how much of that doctrine still lives * * *' 245 F.2d at 535.

The Court in Wells Fargo Bank & Union Trust Co., *supra,* denied the defense of equitable recoupment on the grounds that statutory procedures provided for in 26 U.S.C. §§ 1311 through 1315 governed recovery of the erroneous refund involved in that case.

In their brief, plaintiffs cite at length Boyle et al v. United States, 355 F.2d 233 (3rd Cir. 1965), in which the Third Circuit granted a refund to the taxpayer on the theory of equitable recoupment. However, the *Boyle* case, *supra,* does not derogate from the teaching of the aforementioned cases that the theory of equitable recoupment is only to be applied in factual situations closely analogous to those in *Bull* and *Stone, supra.* The court in *Boyle* was faced with such a factual situation: "So we have the type of double taxation as existed in the Bull claim, namely, a specific fund being treated as corpus and as income." 355 F.2d at 235.

Do the facts of the instant case merit application of the doctrine? It is undisputed that in this case, as in *Bull* and *Stone, supra,* two-fold taxation has been imposed with respect to a single sum, namely, the amount earned by Clyde Hufbauer during the period from January 1, 1959 to April 20, 1959. But plaintiffs acknowledge in their brief [page 11; filed September 16, 1968] that the cases have required an identity of parties, in the nature of that which existed in

*Bull* and *Stone,* as well as a close interrelationship between the cross-claim as emphasized in *Rothensies, supra.* Whether the requisite identity of parties exists in this case is a hotly contested question.

Defendant cites numerous cases to support its position that the relationship between the parties who were subject to the respective two-fold taxation must be that of a "representative capacity." Defendant points out the fact that in the present case the two taxpayers involved are a corporation and a sole stockholder of that corporation, and that one is not a representative of the other with respect to the payment of taxes (citing Moline Properties v. Commissioner of Internal Revenue, 319 U.S. 436, 63 S.Ct. 1132, 87 L.Ed. 1499 (1943)).

Plaintiffs, on the other hand, argue that the distinguishing feature of the cases which reject the doctrine of equitable recoupment is not the requirement of a "representative" relationship, but rather the presence of additional parties to the relationship such that it cannot be said with certainty that a recovery for one taxpayer will exclusively inure to the benefit of the other taxpayers (as opposed to nontaxpayers). It is argued that identity of parties is satisfied in this case because any recovery by the corporation will inure to the exclusive benefit of the individual plaintiff as sole stockholder on all occasions material to this suit.

There is no clear definition of the proper relationship in the cases. On the one hand, the leading cases, *Bull, Stone* and *Boyle, supra,* all involve the same taxpayer (*Bull*) or taxpayers related in a "representative" way (*Stone* and *Boyle*). On the other hand, the Court in *Rothensies,* in discussing the *Stone* case, chose to point out that the recovery for the trustees would inure to the benefit of the beneficiary. In light of the established rule that trustees and beneficiaries of a trust are separate taxable entities, as are a corporation and its sole shareholder, and of the established rule that a sole shareholder owes fiduciary duties to his

corporation in certain circumstances analogous to that owed a beneficiary by a trustee, the better view would seem to be that if the requirement of identity is satisfied where the relationship between the taxpayers is that of trustee-beneficiary, it is also satisfied where a corporation-sole stockholder relationship exists, as in this case. In each instance, the benefit to one taxpayer inures to the benefit of the other taxpayer only.

However, even assuming that the plaintiffs' arguments thus far are correct, it does not follow that equitable recoupment should be applied as a matter of course in this case. The equities of the present fact situation must be examined, along with problems of pre-emption.

The equitable considerations in the present case are not as strong in plaintiffs' favor as were those in *Bull, Stone* and *Boyle, supra.* In *Bull* the two-fold taxation was the product of the commissioner's error, but in the present case there was a misstatement by the taxpayer in the return filed by the corporation to the effect that the date of incorporation was January, 1959, rather than the correct date, April 21, 1959. In *Stone,* the failure of the Government to tax the beneficiary was not due to error but rather to a judicial decision marking a change in tax law application. In *Boyle,* the court found the taxpayer's conduct exemplary, and distinguished *Rothensies* in part on the possible existence of laches in that case due to the twenty-year interval between payment of taxes and claim for recoupment.

The Court in *Stone* pointed out that since an equitable theory is being asserted, the other party is free to raise equitable defenses to the suit for refund. Defendant in this case raises not only the possibly misleading mistake on the corporate return (for year ending June 30, 1959), but also the policies of fairness behind the enforcement of the statute of limitations. The Court in *Rothensies* emphasized the long-run fairness of providing a cut-off date on possible tax litigation with a statute of limitations. In addition, defendant here urges that sustaining claims for recoupment will encourage sole shareholders to gamble on obtaining lower corporate rates of tax on what is in reality personal income.

On the other hand, the fact remains here that the taxpayers together have paid over $90,000 in taxes and interest on taxable income in the sum of approximately $65,000, and that a mere technical statute of limitations bar is the only apparent obstruction to a refund for the corporation. Such circumstances constitute unjust enrichment for the Government. Here plaintiffs sought a refund as soon as practicable after the deficiency determination and payment were made, but the statute of limitations had already run against the corporation. Nothing inherent in these circumstances would bar assertion of the theory of equitable recoupment.

Defendant argues that the defense of equitable recoupment has been pre-empted or superseded by the enactment of Sections 1311 through 1315 of Title 26, U.S.C. These are the mitigation sections providing for correction of errors in certain situations, even though the statute of limitations had run on either taxpayer or Government; these sections do not apply by their terms to the situation at hand. It is clear that where §§ 1311–1315 do apply, the theory of equitable recoupment is not available. Wells Fargo Bank & Union Trust Co. v. United States, *supra.* Defendant argues that omission of the corporation-shareholder relationship from those sections demonstrates an intention of Congress disapproving the removal of the bar of the statute of limitations where such relationship exists. Benenson v. United States, 385 F.2d 26 (2nd Cir. 1967) lends little support to this view, and certainly falls far short of its adoption.

Plaintiff points out (1) that defendant's position is inconsistent with positions taken in other recent cases where equitable recoupment could operate in its favor (See cases cited page 9 of plaintiffs' reply brief); (2) that Congress

would have so provided if pre-emption were its intention; and (3) that in a thorough discussion of equitable recoupment in *Rothensies,* no such suggestion was made. The court finds plaintiffs' arguments persuasive on this question.

■ For the reasons set forth in the foregoing opinion, it is the conclusion of this court that a refund should be made on the basis of an equitable recoupment. The refund should be paid to the corporate plaintiff alone inasmuch as it was the entity which actually paid the taxes now to be refunded. Clyde Hufbauer, the individual plaintiff, is to receive no direct refund payment.

This opinion shall be deemed the findings of fact and conclusions of law of this court.

It is, therefore, ordered, adjudged and decreed that defendant United States, through its proper agents, pay to the corporate plaintiff Clyde Hufbauer, Architect, Inc., the income tax refund in the amount of $32,521.98 plus interest at six percentum per annum from the date of payment, namely September 14, 1959, in accordance with the formula provided in 28 U.S.C. § 2411. Each party is to bear its own costs.

Judgment shall be entered accordingly.