1998-NMCA-055

957 P.2d 532

**TECO INVESTMENTS, INC.,
Plaintiff–Appellant,**

**v.**

**TAXATION AND REVENUE DEPART-
MENT OF THE STATE OF NEW
MEXICO, Respondent–Appellee.**

**and**

**CHINO MINES COMPANY,
Plaintiff–Appellant,**

**v.**

**TAXATION AND REVENUE DEPART-
MENT OF THE STATE OF NEW
MEXICO, Respondent–Appellee.**

**Nos. 18068, 18071.**

Court of Appeals of New Mexico.

March 27, 1998.

**104**

Tom Udall, Attorney General, Margaret B. Alcock, Special Assistant Attorney General, Santa Fe, for Appellee.

Curtis W. Schwartz, Margaret Lewis Meister, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Santa Fe, for Appellant Teco Investments, Inc.

Paul D. Barber, Rosenfelt, Barlow, Barber, Barudin & Borg, P.A., Albuquerque, for Appellant Chino Mines Company.

## OPINION

BOSSON, Judge.

{1} These consolidated cases involve a taxpayer, Chino Mines, who erroneously paid a tax it did not owe, a compensating use tax, and failed to pay a tax it did owe, a gross receipts tax. When it discovered the error, taxpayer invoked the doctrine of equitable recoupment and requested an offset of one tax for the other, as satisfaction in full, because the two taxes were identical in amount. The New Mexico Taxation and Revenue Department refused because fault for the mistake lay with the taxpayer and not the Department, a point which apparently is not in dispute. The Department demanded its gross receipts tax in full plus penalties and interest, in addition to retaining a portion of the compensating use tax which exceeded the reach of the statute of limitations pertaining to refunds. After an unsuccessful administrative appeal, taxpayer appeals to this court. We reverse.

## BACKGROUND

{2} In late 1987, Chino Mines entered into a lease agreement with Teco Investments, agreeing to lease equipment from Teco for use in its copper mine in Hurley, New Mexico. The hearing officer found that under the lease agreement, Chino agreed "to pay and on demand indemnify Teco for any taxes" imposed on the transaction. Teco understood that Chino would pay any "transaction taxes" due on the leasing of mining equipment. However, instead of paying Teco's gross receipts tax, which is owed on sales occurring *inside* New Mexico, Chino erroneously paid compensating use tax, which is due for sales occurring *outside* New Mexico. *See Siemens Energy & Automation, Inc. v. New Mexico Taxation & Revenue Dep't,* 119 N.M. 316, 322, 889 P.2d 1238, 1244 (Ct.App.1994). The amount due under either tax was identical.

{3} In 1995, the Department assessed Teco over $500,000 in gross receipts taxes, penalties, and interest due for the period

going back to 1988 under the seven-year statute of limitations for back taxes. Under its lease agreement with Teco, Chino agreed to make this payment, but Chino also requested a refund of the compensating use tax it had mistakenly paid over the same period of time. However, refunds are subject to a three-year statute of limitations, and the Department refunded the compensating use taxes for only the years 1992, 1993, and 1994; Chino was denied a refund for the earlier years.

{4} As a result of its error, Chino now finds itself liable for over $500,000 in Teco's back taxes and penalties, while denied a refund on the compensating use tax it paid during much of that same time (1988 through 1991). Chino protested the denial of its refund for 1988, 1989, 1990, and 1991. Teco protested the assessment of gross receipts tax, penalties, and interest. Chino and Teco both argued that under the doctrine of equitable recoupment the amount paid in compensating use tax should be recouped to pay the gross receipts tax or applied against that tax. After a hearing, the protests of both taxpayers were denied. The hearing officer acknowledged that the factual prerequisites of equitable recoupment were met in this case. Nonetheless, the hearing officer rejected the claim based upon other equities, specifically the fault of Teco and Chino for their own dilemma, and the lack of culpability in the Department.

## DISCUSSION

### Standard of Review

{5} Under the statutory procedure for review of Department hearing officer decisions, we are to set aside a decision only if it is " 'found to be: (1) arbitrary, capricious or an abuse of discretion; (2) not supported by substantial evidence in the record; or (3) otherwise not in accordance with the law.' " *Siemens Energy & Automation, Inc.*, 119 N.M. at 317–18, 889 P.2d at 1239–40 (quoting NMSA 1978, § 7–1–25(C) (1989)). In this case, the only question is whether the hearing officer acted in accordance with the law of equitable recoupment in rejecting taxpayers' appeals.

### Equitable Recoupment

{6} The doctrine of equitable recoupment was first applied by the United States Supreme Court in *Bull v. United States*, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935) and then in *Stone v. White*, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265 (1937). *See* Hoffman F. Fuller, *Finality and Equity in Tax Litigation*, 10 Am. J. Tax Pol'y 51, 52, 71 n. 3 (1992). The Supreme Court has observed that in both *Bull* and *Stone*, a "single transaction or taxable event had been subjected to two taxes on inconsistent legal theories, and what was mistakenly paid was recouped against what was correctly due." *Rothensies v. Electric Storage Battery Co.*, 329 U.S. 296, 300, 67 S.Ct. 271, 272, 91 L.Ed. 296 (1946). In *Bull*, the single taxable event permitting equitable recoupment was receipt by executors of a sum of money. The government attempted to tax it twice: under the Estate Tax Act as a part of the decedent's gross estate, and under the Income Tax Act as income to the estate after decedent's death. *Rothensies*, 329 U.S. at 300, 67 S.Ct. at 272. In *Stone*, the government was allowed to recoup a tax refund and apply it to pay a time-barred claim for taxes owed. *Rothensies*, 329 U.S. at 300, 67 S.Ct. at 272. The trustees had mistakenly paid tax on estate income when this tax should have been paid by the beneficiary. *Id.* The claim against the beneficiary was time-barred. The trustees sued for a refund, which would inure to the beneficiary. *Id.* The Court allowed recoupment of the refund, the tax the government should not have collected, to be applied against the tax the beneficiary should have paid. *Id.*

{7} New Mexico has adopted the doctrine of equitable recoupment subject to the restrictions customarily recognized by federal courts. *Vivigen, Inc. v. Minzner*, 117 N.M. 224, 231, 870 P.2d 1382, 1389 (Ct.App. 1994). Under this standard,

[i]f the taxpayer pays taxes on a transaction under one view of the facts and the law, the government cannot impose taxes on the transaction under a different view of the facts or the law without giving the taxpayer credit for the initial amount paid, even though the taxpayer's claim for re-

fund or credit would otherwise be untimely.

*Id.* at 230, 870 P.2d at 1388. This Court again reviewed equitable recoupment in *Siemens Energy & Automation, Inc.,* 119 N.M. at 323, 889 P.2d at 1245 (requiring a strict identity of interest when multiple taxpayers are involved).

{8} In the case before us, the hearing officer determined that Teco and Chino satisfied the three conditions of equitable recoupment: 1) a single taxable event, 2) taxes assessed on that event on inconsistent theories, and 3) a strict identity of interest. The Department disputes this determination by the hearing officer. The hearing officer identified the single taxable event as Teco's lease of equipment to Chino. It is that single event upon which the Department seeks to assess gross receipts tax against Teco and upon which Chino paid compensating use tax. In *Siemens Energy & Automation, Inc.,* 119 N.M. at 323, 889 P.2d at 1245, this Court observed that a sale of equipment constituted a single taxable event. We are persuaded that the hearing officer correctly determined that Teco's lease of equipment to Chino was a single taxable event.

{9} The hearing officer also agreed with taxpayers that the two taxes were paid on an inconsistent basis, observing that the gross receipts tax and the compensating use tax "are designed to be complementary and mutually exclusive." The Department does not dispute this basic premise, and could not do so. In *Siemens Energy & Automation, Inc.,* we observed that the compensating use tax and the gross receipts tax are inconsistent; they cannot be imposed on the same party for the same taxable event. 119 N.M. at 322, 889 P.2d at 1244 ("[T]he determination as to which tax applies turns on the point of sale."). Instead, the Department argues that Chino's voluntary payment of compensating use tax does not relieve Teco of the responsibility to pay gross receipts tax. *See id.* ("[V]oluntary payment of compensating tax by the purchaser does not relieve the seller of liability for gross receipts tax . . . ."). However, as the hearing officer correctly pointed out, *Siemens Energy & Automation, Inc.* does not stand for the proposition that a voluntary tax payment is a complete bar to the doctrine of equitable recoupment. Indeed, the *Siemens Energy & Automation, Inc* . court went on to analyze whether the doctrine applied to the facts of that case even after observing that the payment of the inconsistent tax was voluntary. 119 N.M. at 323, 889 P.2d at 1245. The doctrine of equitable recoupment only requires that the two taxes be inconsistent; it contains no requirement that the inconsistent payments be involuntary. We agree with the hearing officer's conclusion that "the voluntariness of a tax payment is not a bar to the application of equitable recoupment[.]"

{10} The Department also takes issue with the hearing officer's determination that a strict identity of interest existed between Teco and Chino. The Department argues that Teco and Chino are separate business entities and have no strict identity of interest. However, under limited circumstances, which we will shortly describe, separate parties may nonetheless have a strict identity of interest.

{11} We addressed the nature of this third requirement—a strict identity of interest—in *Siemens Energy & Automation, Inc.,* 119 N.M. at 323, 889 P.2d at 1245. We held against the taxpayer on the basis that equitable recoupment does not apply when separate parties are responsible for payment of the inconsistent taxes even though compensating use tax and gross receipts tax were paid on an inconsistent basis on the same taxable event. *Id.* at 322–23, 889 P.2d at 1244–45. At first blush it may appear that Teco and Chino are separate parties being inconsistently taxed as in *Siemens Energy & Automation, Inc.* The hearing officer determined, however, that because Chino indemnified Teco for the payment of taxes under the equipment lease, then, effectively, inconsistent taxes had been imposed on the same party, Chino, for the same taxable event, the lease of equipment. This was the missing element in *Siemens Energy & Automation, Inc.,* what we called the "lack of congruity" between the parties. *Id.* at 323, 889 P.2d at 1245. In the case before us, Chino's Motion to Intervene and complementary Motions to Consolidate Protests were granted by the

hearing officer after both parties argued that the indemnity agreement made Chino the real party in interest with regard to Teco's protest of the assessment of gross receipts tax.

{12} We agree with the hearing officer that Chino is the real party in interest because Chino has indemnified Teco and is in a position to discharge Teco from liability. *See L.R. Property Management, Inc. v. Grebe*, 96 N.M. 22, 23, 627 P.2d 864, 865 (1981). Equity regards substance not form. *Skaggs Drug Ctr. v. General Elec. Co.*, 63 N.M. 215, 226, 315 P.2d 967, 974 (1957). The Department's argument, if successful, would result in Chino's paying two inconsistent taxes for one taxable event. Because of the indemnity agreement, savings to the taxpayer claiming equitable recoupment (Teco) would necessarily redound to the benefit of the other taxpayer (Chino). *But cf. Siemens Energy & Automation, Inc.*, 119 N.M. at 323, 889 P.2d at 1245. When a party indemnifies another from liability upon which the action is grounded, that party becomes the real party in interest. *See United States v. Bureau of Revenue*, 69 N.M. 101, 103, 364 P.2d 356, 357 (1961). The relationship of a liability insurer who is obligated to defend the insured and pay the resulting judgment is characterized as one of identity of interest. *See State ex rel. J.E. Dunn Constr. Co. v. Sprinkle*, 650 S.W.2d 707, 710 (Mo.Ct.App. 1983); *see also* Arthur W. Andrews, *Modern–Day Equitable Recoupment and the "Two Tax Effect:" Avoidance of the Statutes of Limitation in Federal Tax Controversies*, 28 Ariz. L.Rev. 595, 604 (1986).

{13} The Department, nonetheless, would have us conclude that the indemnity agreement is irrelevant by relying on *Continental Inn v. New Mexico Taxation & Revenue Department*, 113 N.M. 588, 591, 829 P.2d 946, 949 (Ct.App.1992), for the proposition that "contracts between a taxpayer and a third party regarding the payment of taxes cannot shift the taxpayer's legal incidence of the tax as between the state and the taxpayer." In that case, however, two inconsistent taxes were not imposed on the same party for a single taxable event; instead, the purchaser and the seller disputed who was liable

under the contract for payment of the taxes. *Id.* at 589, 829 P.2d at 947. We are not persuaded by the Department's reference to *Continental Inn.*

{14} Because we agree with the hearing officer that the particular circumstances of this case create a strict identity of interest between Teco and Chino, we are also unpersuaded by the Department's reliance on *United States v. Dalm*, 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990). In *Dalm*, the United States Supreme Court indicated that equitable recoupment can only be brought as a defense in a timely proceeding. Thus, the Department argues that Chino cannot raise equitable recoupment because its action for a refund is time-barred. The Department's argument would be persuasive if Teco and Chino had no identity of interest for purposes of this action, just as the taxpayers in *Siemens Energy & Automation, Inc.* were separate. However, because the indemnity agreement gives Teco and Chino a strict identity of interest, then Chino, as the real party in interest in Teco's protest, may raise equitable recoupment as a defense to the Department's claim for taxes owed, and not as an independent claim.

{15} So far, we agree with the reasoning of the hearing officer in favor of the taxpayers and against the Department. However, despite the correct analysis of the three criteria for equitable recoupment, the hearing officer denied taxpayers' claims, and in doing so the hearing officer looked beyond these elements and performed its own balancing of the equities against the taxpayer. In weighing factors outside those required to satisfy equitable recoupment, the hearing officer gave considerable weight to Teco's negligent failure to determine its own tax liability and to Chino's negligent failure to file the required tax on the correct form. The hearing officer was also impressed with the Department's lack of culpability. While we agree that Teco and Chino appear to have been negligent, we disagree that negligence of this kind is relevant to considerations of equitable recoupment.

{16} The hearing officer justified this additional inquiry into equity by looking to language in *Vivigen, Inc.* that "[n]o conduct

by the State ... prevented Vivigen from timely claiming an investment credit if one was available." 117 N.M. at 231, 870 P.2d at 1389. The Court said in dicta that "[a]ny equity favoring Vivigen here is not of sufficient magnitude to justify overriding the [statute of limitations]." *Id.* The hearing officer inferred from this language the authority to consider additional equitable factors, including the taxpayer's negligence and the Department's lack of fault. The hearing officer misperceives the holding of *Vivigen, Inc.* This language in *Vivigen, Inc.* served only to develop the point that "the Department is not seeking to subject Vivigen to double taxation by taking inconsistent positions on the facts or the law." *Id.* The Court was emphasizing that the taxpayer had failed to satisfy the existing requirements for equitable recoupment because the taxpayer wished to recoup taxes (investment credit on the grounds that it was a manufacturer) that were not inconsistent with the taxes it was required to pay (compensating use tax on out-of-state purchases).

{17} We do not read *Vivigen, Inc.* to require additional equitable factors or even permit such equitable considerations when to do so would contradict the three criteria of *Vivigen, Inc.* and *Siemens Energy & Automation, Inc.* which are determinative. Such a reading would be inconsistent with our observation in *Vivigen, Inc.* that the United States Supreme Court *first* weighed "the policies favoring enforcement of the statute of limitations in tax cases against the equities favoring the taxpayer," 117 N.M. at 229, 870 P.2d at 1387, and then as a result of that process determined " 'that a claim of equitable recoupment will lie only where the Government has taxed a single transaction, item, or taxable event under two inconsistent theories.' " *Id.* (quoting *Dalm*, 494 U.S. at 605–06 n. 5, 110 S.Ct. at 1367 n. 5). In other words, the test for equitable recoupment defines the equities to be weighed. For these reasons, the Department's emphasis on proper reporting is also inapposite. *See Amoco Prod. Co. v. New Mexico Taxation & Revenue Dep't*, 118 N.M. 72, 75, 878 P.2d 1021, 1024 (Ct.App.1994) (holding that a tax is not paid simply when monies are deposited with the state).

{18} The Department insists that federal courts have weighed additional equities in determining whether to apply equitable recoupment. The Department argues that in *Hufbauer v. United States*, 297 F.Supp. 247, 251 (S.D.Cal.1968), the court weighed additional factors even after determining that the three prongs of equitable recoupment were satisfied. *Id.* at 251. However, unlike what the Department proposes here, the consideration of additional factors in *Hufbauer* served only to bolster the court's conclusion that equitable recoupment was justified and not to undercut it. Similarly, in *Wilmington Trust Co. v. United States*, 221 Ct.Cl. 686, 610 F.2d 703 (1979), the court decided against equitable recoupment, and the discussion of equitable factors was not determinative. It was unclear whether all three requirements for equitable recoupment had been met. *Id.* 610 F.2d at 714. In neither case, nor in any other equitable recoupment case of which we are aware, have additional equities been used to trump the three elements of the test and deny equitable relief. In this regard, one commentator has observed that although courts sometimes appear to be taking other equities into account, factors like "arguable lack of diligence will not preclude recoupment where all the other prerequisites for applying the doctrine ... are satisfied." James E. Tierney, *Equitable Recoupment Revisited: The Scope of the Doctrine in Federal Tax Cases After United States v. Dalm*, 80 Ky. L.J. 95, 127–28 (1991–92).

{19} Equitable recoupment appears to be founded on economic principles of unjust enrichment that prevent one party being unjustly enriched and the other being unfairly burdened. *See* Camilla E. Watson, *Equitable Recoupment: Revisiting an Old and Inconsistent Remedy*, 65 Fordham L.Rev. 691, 759 (1996) (citing *Kolom v. United States*, 791 F.2d 762, 766–67 (9th Cir.1986)). The United States Supreme Court in *Rothensies* limited the examination of equitable factors to the equities in the three elements of the test, refusing to consider additional arguments about fairness. 329 U.S. at 300–01, 67 S.Ct. at 273. In *Dalm*, the Court reiterated that "*Bull* and *Stone* stand only for the prop-

osition that a party litigating a tax claim in a timely proceeding may, in that proceeding, seek recoupment of a related, and inconsistent, but now time-barred tax claim relating to the same transaction." *Dalm*, 494 U.S. at 608, 110 S.Ct. at 1368.

{20}  We are constrained to focus on the economic principles of unjust enrichment and financial injury and not on abstract notions of fault or neglect. Unquestionably, economic principles favor equitable recoupment in this case because the Department has always had the correct amount of money due. The Department has not been injured financially and would not be injured by allowing the amount mistakenly paid in compensating use taxes to be recouped and applied against gross receipts tax. Likewise, neither Teco nor Chino would be unjustly enriched economically as a result of recoupment; they would pay only the amount of taxes owed, no more and no less, and the Department would receive the financial benefit of its tax revenues in a timely fashion, albeit on the wrong form, through the offset of equitable recoupment. It is significant that the taxpayer has not had economic use of the money owed during the time preceding assessment because the money was paid in the form of the compensating use tax. Denial of equitable recoupment in this case would unjustly enrich only the Department who would have timely received all the tax it is owed, while retaining a substantial portion of a tax it is not owed.

{21}  In short, we conclude that the hearing officer incorrectly weighed additional equitable factors beyond those required by the doctrine of equitable recoupment to undercut the three criteria of *Vivigen, Inc.* The net result of the hearing officer's approach was to promote unjust enrichment, not abate it. Thus, the hearing officer acted in a manner inconsistent with the law, and the decision must be set aside under Section 7–1–25(C)(3).

### Abatement of Penalty and Interest

{22}  The Department argues that even if these taxpayers are allowed to recoup the erroneously paid compensating use tax and apply it against the gross receipts tax, they should still be required to pay the interest and penalties resulting from their failure to file and pay gross receipts tax in a timely fashion. The Department notes that the taxpayers' recoupment of interest in *Bull* and *Hufbauer* was based on specific federal statutory provisions which allowed interest to be received on overpayments of tax but which do not apply in New Mexico. We agree with the Department that under NMSA 1978, Section 7–1–68(C), (D) (1994), interest is not paid on an overpayment caused by taxpayer error. However, we do not agree with the Department's proposal. Equitable recoupment is meant to place the parties, as nearly as possible, in the same position they would have been if the error had not been made. *See Indiana Dep't of State Revenue v. Smith*, 473 N.E.2d 611, 615 (Ind.1985). Accordingly, interest should be abated in this case, because the Department has had full use of the taxpayers' money during the time it now claims interest was accruing, and in which the taxpayers had no use of that money.

{23}  Taxpayers argue no penalty should be assessed either. In *Vivigen, Inc.*, we observed that NMSA 1978, Section 7–1–69(A) (1992), "provides for the *addition of a penalty to any tax due* '[i]n the case of failure, due to negligence or disregard of rules and regulations, but without intent to defraud, to pay when due any amount of tax required to be paid or to file by the dated required[.]'" *Vivigen, Inc.*, 117 N.M. at 231, 870 P.2d at 1389 (emphasis added). In *Vivigen, Inc.*, the hearing officer imposed a penalty in the amount of two percent per month of the tax due under the formula set out in Section 7–1–69(A). Our case is different. Because we hold that the doctrine of equitable recoupment *does* apply, no tax is owed to the Department. There is no statutory basis for assessing a penalty, computed as a percentage of tax due, when the net effect of our ruling is that no tax is due. The statute does impose a minimum penalty of five dollars for negligence "regardless of whether any tax is due." Section 7–1–69(A)(3). Because we hold that substantial evidence supported the hearing officer's determination of Teco's neg-

ligence, Teco shall pay the statutory minimum penalty of five dollars. *See Siemens Energy & Automation, Inc.,* 119 N.M. at 317–18, 889 P.2d at 1239–40.

## CONCLUSION

{24}   We hold that the facts of this case satisfy the requirements for equitable recoupment.  We reverse the decision and order of the hearing officer and remand for further proceedings consistent with this opinion.

{25}   **IT IS SO ORDERED.**

ALARID and APODACA, JJ., concur.