WISCONSIN DEPARTMENT OF REVENUE, Petitioner-Appellant,

v.

Kurt H. VAN ENGEL, Respondent-Respondent.†

Court of Appeals

*No. 98–1110. Submitted on briefs June 1, 1999.—Decided September 28, 1999.*

(Also reported in 601 N.W.2d 830.)

†Petition to review denied.

607

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *F. Thomas Creeron, III*, assistant attorney general.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Stephen E. Kravit* and *Laurie E. Peterson* of *Kravit, Gass, Hovel & Leitner, S. C.,* of Milwaukee.

Before Wedemeyer, P.J., Fine and Curley, JJ.

CURLEY, J.   The Wisconsin Department of Revenue (Department) appeals the Wisconsin Tax Appeals Commission's (Commission) order reversing the Department's determination that Kurt H. Van Engel was not entitled to offset untimely refund claims for tax years 1988 and 1989 against timely tax assessments for years 1990, 1991 and 1992.[1] The Department's argument is twofold. The Department argues that the Commission should not have applied the equitable recoupment doctrine because equitable recoupment can only occur when the untimely refund claim to be set off against the timely assessment occurs within the same transaction or tax year, whereas here, there were different transactions and separate tax years. Alternatively, the Department claims that if the facts permit the application of the equitable recoupment doctrine, the Commission improperly applied it because the equities do not weigh in favor of Van Engel as he did

---

[1] We must review the administrative agency's decision—in this case, the Commission's decision—and not the circuit court's. *See Sterlingworth Condominium Ass'n, Inc. v. Wisconsin DNR*, 205 Wis. 2d 710, 720, 556 N.W.2d 791, 794 (Ct. App. 1996); *see also American Family Mutual Ins. Co. v. Wisconsin DOR*, 214 Wis. 2d 577, 580, 571 N.W.2d 710, 712 (Ct. App. 1997) ("While the department possesses expertise in administering Wisconsin's tax laws, we have repeatedly held that, in such cases, we review the commission's decision, not the department's."), *rev'd on other grounds*, 222 Wis. 2d 650, 586 N.W.2d 872 (1998).

not have "clean hands." We agree with the Department that the Commission should not have applied the equitable recoupment doctrine because the factual underpinnings permitting its use were not present.[2]

## I. BACKGROUND.

In May 1988, Van Engel received notification that he was the target of a federal criminal investigation. As a result, Van Engel's attorney advised him to stop filing federal or state income tax returns while the investigation was ongoing, and later, advised him to stop filing returns while the federal criminal charges were pending. Consequently, Van Engel did not file any state income tax returns for the years 1988 through 1992. During this time frame he did, however, estimate his state tax liability and he paid what he estimated were his state taxes each year. On March 20, 1995, after Van Engel was acquitted of several federal tax-related charges and he pled guilty to a federal misdemeanor, he filed State income tax returns for all the missing years. He calculated that by applying the refunds due him for tax years 1988 and 1989 to the other years, he was due a refund. He did this by applying what he claimed was his overpayment in 1988 to his 1989 tax liability, and then taking what he believed he was due as a refund in 1989 and applying it to 1990 and so on. As a result, he calculated he was owed over $62,000.[3]

---

[2] Due to our ruling, it is not necessary for us to address the remaining argument. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938).

[3] Van Engel's overpayments in 1988 and 1989 represent a small percentage of his actual income as Van Engel's tax returns show adjusted gross income for 1988 of $6,865,033, and for 1989 adjusted gross income of $3,431,316.

The Department, however, was not receptive to Van Engel's accounting, and refused to apply the 1988 and 1989 refund to the other years' tax liability, citing § 71.75(2), STATS., 1993–94,[4] the four-year statute of limitations, which the Department contended barred Van Engel from requesting a refund. Consequently, the Department refused to offset Van Engel's claimed refunds due in 1988 and 1989 against the tax assessments for years 1990, 1991 and 1992. Further, the Department, recognizing the bar created by § 71.77, made no additional assessments for the years 1988 and 1989, assessing Van Engel only for the years 1990, 1991, and 1992. According to the Department's numbers, Van Engel had a total unpaid tax liability of $21,020.46 for the years 1990, 1991 and 1992, and the Department notified him of this fact by sending him a "Notice of Action."

In response, Van Engel filed a document with the Department entitled "PROTEST," which protested the assessments for tax years 1990, 1991 and 1992. The Department considered this letter to be a petition for reconsideration, which prompted the Department to issue a "Notice of Action" in which the Department reiterated its earlier position that it refused to apply his claimed 1988 and 1989 tax refunds as an offset against the taxes owed by Van Engel for the other years because of the statute of limitations. The Department also informed Van Engel of his appeal rights to the Commission.

---

[4] Section 71.75(2), STATS., 1993–94, provides:

(2) With respect to income taxes and franchise taxes, except as otherwise provided in subs. (5) and (9) and ss. 71.30 (4) 71.77 (5) and (7) (b), refunds may be made if the claim therefor is filed within 4 years of the unextended date under this section on which the tax return was due.

Van Engel appealed the Department's determination to the Commission, asking the Commission to review his tax liability. After Van Engel started the appeal, the Department filed a motion to dismiss the petition for review with the Commission. Not only did the Commission deny the Department's motion, but it also treated the motion like one for summary judgment and granted judgment to Van Engel, claiming that the doctrine of equitable recoupment should be applied, offsetting the untimely 1988 and 1989 refund claims against the taxes assessed for 1991, 1992 and 1993. The Department then appealed this ruling to the circuit court, which upheld the Commission.

## Standard of Review

The parties dispute what standard of review should apply. The Department cites *Wisconsin DOR v. Milwaukee Brewers Baseball Club*, 108 Wis. 2d 553, 556, 322 N.W.2d 528, 529 (Ct. App. 1982), for its position that since the facts are undisputed and only a question of law is at issue, the appropriate standard of review is a *de novo* review of the Commission's decision. On the other hand, Van Engel contends that because the Commission's position on equitable recoupment is "longstanding," and draws on the Commission's expertise, this court should apply a deferential standard of review.

We determine that a *de novo* standard of review should be applied to the question posed in this appeal. The Commission's application of a legal doctrine to undisputed facts is a question of law which we decide *de novo. See Froebel v. Wisconsin DNR*, 217 Wis. 2d 652, 662–63, 579 N.W.2d 774, 779 (Ct. App. 1998). Further, the stance taken by the Commission concerning

the equitable recoupment doctrine is not one of "long-standing"; indeed, the Commission has applied the equitable recoupment doctrine inconsistently. Evidence of this fact can be found in the Commission's Van Engel decision in which it attempts to explain why it has not always applied the doctrine to similarly situated taxpayers. Compare *Lotzer v. Wisconsin DOR*, No. 90-I–465, CCH Wis. Tax Rpts ¶ 203–260 (July 25, 1991), with *Douglas Evers v. Wisconsin DOR*, 11 WTA C 572 (Aug. 21, 1984).

After our review of the record and the case law, we are satisfied that the Commission improperly applied the doctrine of equitable recoupment under the facts presented. We reach this conclusion because: (1) the Department levied no additional assessment for the time-barred years; and (2) thus, the assessment and refund tax periods were not arising out of the same transaction or tax periods, both of which are mandatory prerequisites before the equitable recoupment doctrine can be utilized.

## II. ANALYSIS.

The Department argues that the Commission erred when it granted Van Engel's untimely refund claim for 1988 and 1989 because the statute of limitations had run on those years and, consequently, the Department maintains that the underpinnings necessary to apply equitable recoupment principles were absent. The Department's position is grounded on its belief that since the statute of limitations had run on the years 1988 and 1989, the Department was barred from assessing any additional taxes for that period and Van Engel was barred from claiming a refund. The Department contends the equitable recoupment doctrine should not have been applied here because the

doctrine can only be used as a defense to an assessment made during the same transaction or tax period. The Department argues that since it had not assessed Van Engel for any taxes due in 1988 and 1989, equitable recoupment was unavailable. Moreover, the Department argues that time-barred refunds can only be offset against assessments that occur in the same tax period or same transaction. Since there were different tax periods involved, the Department reasons that equitable recoupment was improper. We agree that the factual underpinnings permitting the doctrine of equitable recoupment to offset otherwise time-barred refunds against tax assessments were not present here.

The doctrine of equitable recoupment "is a judge-made exception to the legislative policy of barring claims for and against the Government in tax matters by statutes of limitations." *Smith v. United States*, 373 F.2d 419, 422 (4th Cir. 1966). The most often-cited and landmark case applying the doctrine is *Bull v. United States*, 295 U.S. 247 (1935). There, the Supreme Court permitted the return of monies after the statute of limitations had run, but the Court cautioned that the doctrine was limited to disputes "arising out of the same transaction," *id.* at 261, and commented further that "[s]uch a defense is never barred by the statute of limitations so long as the main action itself is timely," *id.* at 262.

Our supreme court adopted the equitable recoupment doctrine and defined "same transaction" in *American Motors Corp. v. DOR*, 64 Wis. 2d 337, 219 N.W.2d 300 (1974). In that case, the major legal dispute between the parties dealt with the situs of certain sales. The Department disputed American Motors'

614

claim that the sales occurred outside the state of Wisconsin, thereby reducing American Motors' tax liability, and the Department calculated the tax due from American Motors assuming that the sales occurred in Wisconsin. An ancillary question to be decided only if the supreme court agreed with American Motors, was whether the Department could offset any refunds due American Motors against an additional tax assessment that was discovered following an audit. The audit was conducted by the Department and was prompted by the sales tax dispute. This new assessment was for a tax year involved in the litigation but it became time-barred by the statute of limitations before the litigation was completed.

The decision by the supreme court reversed the Commission and determined that the sales took place outside of Wisconsin. *See id.* at 350–51, 219 N.W.2d at 307. As a result, American Motors was owed a refund. In addressing the second issue, whether the Department could offset the time-barred assessment against the monies to be refunded, the supreme court determined that the Department could offset the then time-barred assessment against the timely refunds due American Motors. *See id.* at 351–53, 219 N.W.2d at 307–08.

In so doing, the court applied the equitable recoupment doctrine and adopted the broadened definition of "same transaction" found in *National Cash Register Co. v. Joseph*, 86 N.E.2d 561 (N.Y. 1949).[5] *See Ameri-*

---

[5] Other courts have confined the use of the equitable recoupment doctrine to circumstances where the state has imposed a tax on the same taxable event on a ground that is inconsistent with the original payment by the taxpayer. *See, e.g., Vivigen, Inc. v. Minzner*, 870 P.2d 1382, 1388 (N.M. Ct. App. 1994).

*can Motors Corp.*, 64 Wis. 2d at 352–53, 219 N.W.2d at 307–08. The supreme court explained that equitable recoupment was possible because "the definition of 'same transaction' as meaning any transaction in the tax period involved in either a claim by the taxpayer for refund or by the state for additional assessment." *Id.* at 353, 219 N.W.2d at 308. Thus, the supreme court established that equitable recoupment requires that the time-barred assessment or refund must emanate out of the same transaction. In the Commission's decision approving Van Engel's equitable recoupment request, the Commission attempted to overcome this obstacle by finding that when Van Engel requested in his 1990 tax return that the 1989 tax refund be applied to his 1990 tax liability, the untimely refund claims became part of the "same transaction." We are unpersuaded by the Commission's reasoning.

*Rothensies v. Electric Storage Battery Co.*, 329 U.S. 296 (1946), one of the earliest equitable recoupment cases, casts light on the issue of what is the "same transaction." The facts in *Rothensies* are similar to those found here. There, the taxpayer wanted to recoup overpayments made between 1919 through 1922 that were time barred and apply them to its 1935 tax deficiency. The Supreme Court refused to apply the doctrine, finding there was no single taxable event. *See id.* at 299–303. The Court found that recoupment required a single taxable event and the doctrine of recoupment "has never been thought to allow one transaction to be offset against another, but only to permit a transaction which is made the subject of suit by a plaintiff to be examined in all its aspects, and judgment to be rendered that does justice in view of the one transaction as a whole." *Id.* at 299.

Applying the logic of *Rothensies*, the Commission's application of the refunds toward Van Engel's tax liability was improper for two reasons. First, the Department sought nothing from Van Engel for the years 1988 and 1989. Unlike the facts in *American Motors*, where an audit revealed additional taxes for a tax year involved in the dispute, and the passage of time rendered it time-barred, here the Department sought no assessments for 1988 and 1989. The Department only assessed Van Engel for the years 1990, 1991 and 1992. Thus, the Department never made Van Engel's claimed refunds a "subject of a suit by a plaintiff." Second, contrary to the Commission's finding, Van Engel's request in his 1990 tax return that a refund due in 1989 be applied to his tax liability does not convert these separate tax periods into the "same transaction." The folly in the Commission's ruling is that following its reasoning, every time-barred refund could be revived simply by requesting that it be applied to a tax liability in a future tax return. This was hardly the result envisioned by our supreme court in *American Motors* when it determined that the offset must occur when assessments/refunds are within the same transaction. Thus, just as Rothensies' request for a time-barred refund was denied, so, too, must Van Engel's request be.

Other more recent cases support our conclusion. Although our supreme court has not spoken on the issue of equitable recoupment since the *American Motors* case, several other courts have. In *Vivigen, Inc. v. Minzner*, 870 P.2d 1382 (N.M. Ct. App. 1994), the court reversed the district court's determination that equitable recoupment was an available defense. The court noted that "the Supreme Court has decided 'that a claim of equitable recoupment will lie only where the

617

Government has taxed a single transaction, item, or taxable event under two inconsistent theories.' " *Id.* at 1387 (quoting *United States v. Dalm*, 494 U.S. 596, 605–06 n.5 (1990)). The case identifies Wisconsin as a state that has adopted a broad definition of "single transaction." *See id.* at 1388. However, the decision suggests that even under the broad definition of "single transaction," the term is limited to an entire year or tax period.[6] *See id.* at 1386–89.

The *Vivigen* court opined that it was important to respect the statute of limitations and, pertinent to our discussion, the court commented that equitable recoupment was improper when the state did not inconsistently tax the taxpayer and when there was no conduct by the State preventing the taxpayer from timely claiming a credit. *See id.* at 1389. Likewise, here the Department never taxed Van Engel on an inconsistent basis, and the Department has done nothing to prevent Van Engel from timely requesting his refunds.

In *Superior Air Products International, Inc. v. Director, Division of Taxation*, 9 N.J. Tax 463 (1988), a case decided by the Tax Court of New Jersey, the court refused to permit the equitable recoupment of a corporation business tax erroneously paid by the parent company, after the subsidiary improperly deducted

---

[6] Further, the case notes that although *National Cash Register Co. v. Joseph*, 89 N.E.2d 561 (1949), adopted a broader version of the doctrine of equitable recoupment, *National Cash Register* cited *Rothensies v. Electric Storage Battery Co.*, 329 U.S. 296 (1946), as authority "without suggesting that the court was consciously rejecting the doctrine as expressed in that case." *Vivigen, Inc.*, 870 P.2d at 1388. Ultimately, *Vivigen* rejected the *National Cash Register* definition of "same transaction," partially because the *National Cash Register* case has been criticized. *See id.*

income paid to the parent who, in turn, erroneously included that income in its income base. *See id.* at 465–66. The court concluded that it could not do so because the refund did not arise out of the same transaction.[7] The court, tracing the history of the doctrine, cited the definition of recoupment found in 20 AM. JUR. 2d *Counterclaim, Recoupment, and Setoff,* § 1, at 228 (1965): "Recoupment is a word derived from the French word recouper, meaning to cut back. It is the 'right of the defendant, in the same action, to cut down . . . plaintiff's demand . . . .' " *Id.* at 470 (ellipses in original). The *Superior Air Products* court then stated that, "[i]n general legal practice, recoupment is in the nature of a counterclaim raised as a defense by a defendant against whom a plaintiff has made some type of money demand. . . . Nevertheless, any claim of recoupment must arise out of the identical transaction that provided plaintiff with a cause of action, and no affirmative relief may be granted independent of plaintiff's claim." *Id.* at 470–71.

Under the definition of recoupment found in *Superior Air Products,* equitable recoupment is improper under our facts. The Department has sought nothing additional from Van Engel for the years 1988 and 1989. The fact that Van Engel filed his tax returns all at the same time does not provide the necessary linkage to be

[7] The *Superior Air Products International, Inc. v. Director, Division of Taxation,* 9 N.J. Tax 463 (1988), and *Teco Investments, Inc. v. Taxation and Revenue Dep't,* 957 P.2d 532 (N.M. Ct. App. 1998), courts rejected the broad definition of the criterion of "same transaction" found in *American Motors* that an entire year or tax period constitutes the transaction involved. We cite these cases to explain the equitable recoupment doctrine's legal history and for the conditions needed to apply the doctrine.

considered as occurring in "the same transaction." Van Engel paid his estimated taxes during the tax years in question. Had he obeyed the law, he should also have filed his tax returns within that time period or obtained extensions. If he had done so, and assuming he failed to make a timely refund claim, he would not now be allowed to offset his 1989 refund towards his 1990 tax liability. His failure to file his tax returns at the proper time does not transform his actions into the "same transaction" or the same tax period. Moreover, to permit Van Engel to do so would be to grant him greater benefits than those given law-abiding taxpayers who paid and filed timely.

Another case addressing the question of under what circumstances can equitable recoupment be applied is *Teco Investments, Inc. v. Taxation and Revenue Dep't*, 957 P.2d 532 (N.M. Ct. App. 1998). There, the court reiterated the three conditions that must be present to apply the doctrine. The three conditions are: (1) a single taxable event; (2) taxes assessed on that event on inconsistent theories; and (3) a strict identity of interest when multiple taxpayers are involved. *See id.* at 534–35. Van Engel's payment of his estimated tax each year and his filing of his delinquent tax returns falls outside the broad definition of single taxable event. Not only is Van Engel's payment of estimated taxes and late returns for five years not a "single taxable event," but also, it runs afoul of *Teco*'s second requirement—that the taxes have been assessed on inconsistent theories. This is true because the Department has not taxed Van Engel on inconsistent theories.

Finally, in resolving this dispute, we look to the most recent Wisconsin pronouncement on the equitable recoupment doctrine. *Dairyland Harvestore, Inc. v.*

*Wisconsin DOR*, 151 Wis. 2d 799, 447 N.W.2d 56 (Ct. App. 1989), is a case that, while mentioning the equitable recoupment doctrine, did not apply it. In *Dairyland*, this court opined:

> We reject appellants' argument that under the doctrine of equitable recoupment they are entitled to a refund and therefore an offset even if they lack standing to file a claim. Under that doctrine, the state may reduce a timely claim for a tax refund by the amount of a deficiency assessment barred by the statute of limitations. *American Motors Corp. v. Dept. of Revenue*, 64 Wis. 2d 337, 351, 219 N.W.2d 300, 307 (1974). Similarly, if a taxing authority makes a timely additional assessment against a taxpayer, the taxpayer may credit a refund claim that would ordinarily be barred by the statute of limitations against the deficiency.

*Id.* at 806–07, 447 N.W.2d at 59. Under *Dairyland*'s hypothetical, Van Engel's claim fails. This is so because the Department did not "make a timely additional assessment against [Van Engel]." The Department made an original assessment of Van Engel's tax liability only after Van Engel finally filed his overdue income tax returns, and then it assessed him for only three of the five years.

Consequently, we are obligated to reverse the Commission's decision. We do so because equitable recoupment, as a defense, requires that the untimely return and the Government's tax liability assessment arise out of the same tax period or same transaction. Such is not the case here. There was no action pending against Van Engel for tax years of 1988 and 1989 as the statute of limitations foreclosed the Department from making an additional assessment for those years. The

Department made no demand on the plaintiff allowing him to invoke the counterclaim of equitable recoupment. Nor is this a situation like the facts in *American Motors* where the time-barred assessment occurred in a tax year that was part of the original dispute between the parties but the statute of limitations ran while the dispute was ongoing.

■

Moreover, the payment of estimated taxes on a yearly basis and the subsequent delinquent filing of income tax returns for a series of years at the same time does not convert the tax periods into "the same transaction." Section 71.83(2)(a)1, STATS.,[8] requires the filing of state income tax returns and payment on a yearly basis. Van Engel chose not to follow the statute and, instead, paid his estimated taxes yearly but filed his tardy tax forms all at one time. Had he filed the corresponding tax return at the legally dictated time, there could be no argument that those events occurred within a "single transaction." The single tax period was created by the requirement of § 71.83(2)(a)1 that state tax returns and payments be filed yearly. A request for a time-barred refund to be offset against a tax liability in an income tax return does not convert the tax peri-

---

[8] Section 71.83(2)(a)1, STATS., provides:

(2) CRIMINAL. (a) *Misdemeanor.* 1. 'All persons.' If any person, including an officer of a corporation or a manager of a limited liability company required by law to make, render, sign or verify any return, wilfully fails or refuses to make a return at the time required in s. 71.03, 71.24 or 71.44 or wilfully fails or refuses to make deposits or payments as required by s. 71.65 (3) or wilfully renders a false or fraudulent statement required by s. 71.65 (1) and (2) or deposit report or withholding report required by s. 71.65 (3), such person shall be guilty of a misdemeanor and may be fined not more than $10,000 or imprisoned for not to exceed 9 months or both, together with the cost of prosecution.

ods into the "same transaction." Thus, the Commission was powerless to invoke the equitable recoupment doctrine. Consequently, we remand this matter back to the Commission for an order consistent with this decision.

*By the Court.*—Judgment reversed and cause remanded.