AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Petitioner-Appellant,

v.

WISCONSIN DEPARTMENT OF REVENUE, Respondent-Respondent-Petitioner. [Case No. 97–1105]

AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, Petitioner-Appellant,

v.

WISCONSIN DEPARTMENT OF REVENUE, Respondent-Respondent-Petitioner. [Case No. 97–1106]

Supreme Court

*Nos. 97–1105, 97–1106. Oral argument November 10, 1998.—Decided December 16, 1998.*

(Also reported in 586 N.W.2d 873.)

650

For the respondent-respondent-petitioner the cause was argued by *F. Thomas Creeron, III*, assistant attorney general with whom on the briefs was *James E. Doyle*, attorney general.

For the petitioner-appellant there was a brief by *Timothy C. Frautschi* and *Foley & Lardner*, Milwaukee and oral argument by *Timothy C. Frautschi*.

¶ 1. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE. This is a review of a published decision of the court of appeals, *American Family Mut. Ins. Co. v. Department of Revenue*, 214 Wis. 2d 577, 571 N.W.2d 710 (Ct. App. 1997). The court of appeals reversed an order of the circuit court for Dane County, Angela B. Bartell, Judge. The circuit court affirmed a decision of the Wisconsin Tax Appeals Commission upholding the Wisconsin franchise tax, Wis. Stat. §§ 71.43(2) and

71.45(2)(a)3. (1987–88),[1] as a "nondiscriminatory franchise tax" within 31 U.S.C. § 3124(a)(1) (1991). We reverse the decision of the court of appeals.

¶ 2. Our review is limited to the single issue of whether the Wisconsin franchise tax, Wis. Stat. §§ 71.43(2) and 71.45(2)(a)3. (1987–88), is a "nondiscriminatory franchise tax" within 31 U.S.C. § 3124(a)(1). A state franchise tax is discriminatory under federal law if in the calculation of the franchise tax, interest income from federal obligations is included but interest income from state or local obligations is excluded.

¶ 3. This case has been argued by the parties on the assumption that obligations issued under the four bond statutes identified by American Family Mutual Insurance Company and American Standard Insurance Company of Wisconsin are state or local obligations for purposes of the issue addressed in this case. We therefore assume for purposes of this case that obligations authorized by the four bond statutes are state or local obligations. We note that three of the bond statutes contain language stating that the obligations shall not be deemed the debt of any city or municipality or state. *See* Wis. Stat. §§ 66.40(13)(c), 66.431(5)(a)4.b., 234.14 (1987–88).

---

[1] The calendar years in issue are 1984 to 1991. All references are to the 1987–88 Wisconsin Statutes unless otherwise noted because the 1987–88 Statutes were in effect for many of the years in question. Furthermore, Wis. Stat. § 71.01(2)–(4) (1985–86), the earlier franchise tax statute, and Wis. Stat. §§ 71.43(2) and 71.45(2)(a)3. (1989–90), the later franchise tax statutes, are substantially similar to the 1987–88 franchise tax statutes. The parties do not distinguish among the tax years and pose the same arguments for all the tax years in question.

¶ 4. We conclude that the interest income from three state and local obligations identified by American Family Mutual Insurance Company and American Standard Insurance Company of Wisconsin is not excluded from the calculation of the franchise tax under Wis. Stat. §§ 71.43(2) and 71.45(2)(a)3. (1987–88) during the tax years in question. We further conclude that the interest income from the "Brewer bonds" falls outside the time period of our inquiry and does not affect the determination of whether the Wisconsin franchise tax was a nondiscriminatory franchise tax under 31 U.S.C. § 3124(a)(1) in the tax years in question. Accordingly we conclude that the Wisconsin franchise tax is a "nondiscriminatory franchise tax" within 31 U.S.C. § 3124(a)(1). The decision of the court of appeals is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

## I

¶ 5. This case was presented to the Tax Appeals Commission on stipulation of the parties. The facts are not in dispute and for purposes of this review can be briefly stated.

¶ 6. American Family Mutual Insurance Company and American Standard Insurance Company of Wisconsin (the insurance companies) are both organized as insurance companies under chapter 611 of the Wisconsin Statutes. American Standard is a wholly owned subsidiary of American Family. Both insurance companies sell automobile, homeowner, health and business insurance coverage. Both companies are subject to the Wisconsin franchise tax. Subchapter VII of Wis. Stat. chapter 71 (1987–88) governs the income tax and franchise tax imposed on insurers.

¶ 7. On its Wisconsin franchise tax returns for calendar years 1984 to 1991, American Family failed to report the interest income it earned on federal obligations. Similarly, on its franchise tax returns for calendar years 1987 to 1991, American Standard failed to report the interest income it earned on federal obligations.

¶ 8. The insurance companies assert that they need not include interest income from federal obligations in calculating the franchise tax because the state excluded interest income from several state or local obligations in calculating the franchise tax. In other words, the insurance companies are asserting that to the extent that the Wisconsin franchise tax is calculated on the basis of interest income from federal obligations, the tax is invalid as violating a federal statute and the supremacy clause of the U.S. Constitution.

¶ 9. The Wisconsin Department of Revenue determined that the insurance companies were not entitled to exclude the interest income earned on federal obligations in calculating their state franchise tax and assessed additional taxes on each insurance company. Both insurance companies petitioned the Wisconsin Department of Revenue for a redetermination of the assessment relating to the interest income. The Department denied the petition. The insurance companies then appealed the assessments to the Wisconsin Tax Appeals Commission, which upheld the assessments.

¶ 10. The circuit court affirmed the Wisconsin Tax Appeals Commission. The court of appeals reversed the order of the circuit court, holding the franchise tax discriminatory within 31 U.S.C. § 3124(a)(1), because "[w]ithout question the plain

language of § 71.45(2)(a), Stats., defining 'net income' in federal terms, reaches interest on federal obligations," while "several other Wisconsin statutes exempting interest on state and municipal obligations from taxation." *American Family*, 214 Wis. 2d at 586.

## II

¶ 11. The single issue before this court is whether the Wisconsin state franchise tax is a "nondiscriminatory franchise tax" within 31 U.S.C. § 3124(a)(1) (1991). If it is a "nondiscriminatory franchise tax," interest income from federal obligations may be included in the calculation of the Wisconsin franchise tax.

¶ 12. A determination of this issue involves interpretation of federal and state statutes. Numerous cases discuss the applicable standard of review in tax cases and the deference, if any, to be accorded to a decision of the Tax Appeals Commission.

¶ 13. The parties "hotly contested" the standard of review in the court of appeals. *American Family*, 214 Wis. 2d at 581. After a lengthy discussion of the applicable standard of review, the court of appeals determined, as had the circuit court, that it would decide the issue *de novo*, giving no deference to the decision of the Tax Appeals Commission. *American Family*, 214 Wis. 2d at 584.

¶ 14. The parties spent little time on the standard of review in this court, and we spend no time on it, because regardless of the standard of review, the result is the same. We therefore adhere to the *de novo* standard of review applied by the circuit court and court of appeals.

¶ 15. First, we examine the applicable federal law, 31 U.S.C. § 3124, and then we examine the applicable provisions of the Wisconsin franchise tax statute.

¶ 16. Simply stated, on the one hand 31 U.S.C. § 3124 exempts from state taxation interest income from federal obligations, but on the other hand it allows income from federal obligations to be included in the calculation of a state franchise tax if the state franchise tax is "a nondiscriminatory franchise tax." Thus Congress has consented to including interest income from federal obligations in the calculation of certain state franchise taxes.

¶ 17. The applicable federal statute states:

> 31 U.S.C. § 3124. Exemption from taxation. (a) Stocks and obligations of the United States Government are exempt from taxation by a State or political subdivision of a State. The exemption applies to each form of taxation that would require the obligation, the interest on the obligation, or both, to be considered in computing a tax, except—
>
> (1) a nondiscriminatory franchise tax or another nonproperty tax instead of a franchise tax, imposed on a corporation. . . .

¶ 18. A state franchise tax is discriminatory within 31 U.S.C. § 3124(a)(1) if the calculation of the state franchise tax includes interest income from federal obligations but not from state obligations.[2] State franchise taxes that are calculated by including income from both state and federal obligations have been

_____

[2] See Memphis Bank & Trust Co. v. Garner, 459 U.S. 392, 398 (1983) (a state tax discriminates against federal obligations "by including in the tax base income from federal obligations while excluding income from otherwise comparable state and local obligations").

upheld by the courts.[3] Thus under 31 U.S.C. § 3124(a)(1) Wisconsin is prohibited from including interest income from federal obligations in the calculation of its franchise tax unless it also includes interest income from state and local obligations in the calculation of the franchise tax.

¶ 19. We turn now to the Wisconsin franchise tax applicable to insurers. The Wisconsin franchise tax is imposed on an insurer "[f]or the privilege of exercising its franchise or doing business in this state in a corporate capacity." Wis. Stat. § 71.43(2) (1987–88).

¶ 20. The Wisconsin franchise tax is calculated on the basis of an insurer's federal taxable income adjusted to include interest income received or accrued during the taxable year to the extent such interest income was used as a deduction in determining the insurer's federal taxable income. Wis. Stat. § 71.45(2)(a)3. (1987–88).[4] To calculate an insurer's

---

[3] See, e.g., Centerre Bank of Crane v. Director of Revenue, 744 S.W.2d 754 (Mo. 1988); Department of Revenue v. First Union Bank, 513 So. 2d 114 (Fla. 1987), appeal dismissed, 485 U.S. 949 (1988); Garfield Trust Co. v. Director, Div. of Taxation, 508 A.2d 1104 (N.J.), appeal dismissed, 379 U.S. 925(1986); Schwinden v. Burlington Northern, Inc., 691 P.2d 1351 (Mont. 1984); Astoria Fed. Sav. & Loan Ass'n v. State, 222 A.D.2d 36, 644 N.Y.S.2d 926 (1996), appeal dismissed without op., 88 N.Y.2d 1064, 651 N.Y.S.2d 407, 674 N.E.2d 337 (1996), appeal denied, 89 N.Y.2d 807, 655 N.Y.S.2d 887, 678 N.E.2d 500, cert. denied, 118 U.S. Ct. 48 (1997); Fort Wayne Nat'l Corp. v. Indiana Dep't of State Revenue, 621 N.E.2d 668 (Ind. Tax. Ct. 1993).

[4] Wisconsin Stat. § 71.45(2)(a)3. provides:

**71.45 Income computation.** . . .(2) Determination of net income. (a). . ."Net income" of an insurer. . .means federal taxable income. . .adjusted as follows:

3. By adding to federal taxable income an amount equal to interest income received or accrued during the taxable year to the extent

federal taxable income the federal tax code includes interest income from federal obligations and allows a deduction for interest income from certain state and local obligations. Thus under Wis. Stat. § 71.45(2)(a) of the Wisconsin franchise tax statute, in calculating the franchise tax the insurers are to include interest income from all federal and state and local obligations.

¶ 21. The problem, according to the insurance companies, is that the Wisconsin legislature exempted interest income from four state or local obligations from the calculation of the state franchise tax. Thus the insurance companies contend that the Wisconsin franchise tax is discriminatory because it includes interest income from federal obligations in the calculation of the state franchise tax but excludes interest income from certain state or local obligations from the measuring base of the state franchise tax. Because the Wisconsin franchise tax is discriminatory, argue the insurance companies, the inclusion of interest income from federal obligations in the calculation of the state franchise tax violates federal law and is therefore unconstitutional.

¶ 22. The question before us is whether the Wisconsin legislature has, as the insurance companies contend, exempted interest income from the four state or local obligations they identify from the calculation of the state franchise tax. The four state or local obligations identified by the insurance companies, the interest income of which is exempt from calculation of the Wisconsin franchise tax, are as follows:

¶ 23. (1) Housing authority bonds. The legislature declared that these bonds are "to be issued for an essential public and governmental purpose and to be

such interest income was used as a deduction in determining the company's federal taxable income.

public instrumentalities and, together with interest thereon and income therefrom, shall be exempt from taxes." Wis. Stat. § 66.40(14)(a) (1987–88).

¶ 24. (2) City redevelopment authority bonds. The legislature declared that these bonds are "issued for an essential public and governmental purpose and, together with interest thereon and income therefrom, shall be exempt from all taxes." Wis. Stat. § 66.431(5)(a)4.c (1987–88).

¶ 25. (3) Housing and community development authority bonds. The legislature declared that community development authority bonds issued after January 28, 1987, are "issued for an essential public and governmental purpose and to be public instrumentalities and, together with interest thereon and income therefrom, are exempt from taxes." Wis. Stat. § 66.4325(5m) (1987–88); and

¶ 26. (4) Wisconsin Housing and Economic Development Authority (WHEDA) bonds to fund professional sports and entertainment home stadiums. The legislature declared that interest income received on notes issued by WHEDA to fund a professional sports and entertainment home stadium—which is exempt from property tax under Wis. Stat. § 70.11(36)—"is exempt from taxation" under subchapter VII of chapter 71. *See* Wis. Stat. § 71.45(1m) (1991–92).[5] Subchapter VII, as we stated previously, governs the income tax and franchise tax imposed on insurers.

---

[5] Unlike the other three bond statutes, this tax exemption is contained in chapter 71, not in the statute authorizing issuance of the bonds. Wisconsin Stat. § 234.65(1)(a) (1991–92) authorizes issuance of the WHEDA bonds to finance construction of a professional sports and entertainment home stadium for the Milwaukee Brewers.

¶ 27. The insurance companies' principal argument is that according to the plain words of these four bond statutes, the interest income from these four state or local obligations is exempt from all taxation, including the state franchise tax. According to the insurance companies, the four bond statutes trump the express language of the Wisconsin franchise tax statute, Wis. Stat. § 71.45(2)(a)3., which includes interest income from state or local obligations in the calculation of the franchise tax. We disagree with the insurance companies' interpretation of the statutes.

¶ 28. We agree with the insurance companies that the four bond statutes exempting interest income from taxes present an apparent conflict with the state franchise tax law, which includes interest income from state or local obligations to calculate the franchise tax. When confronted with apparently inconsistent legislation, a court should ascertain the intent of the legislature and when possible construe the statutes on the same subject matter, harmonizing the provisions to give each full force and effect. *Cross v. Soderbeck*, 94 Wis. 2d 331, 343, 288 N.W.2d 779 (1980); *Glinski v. Sheldon*, 88 Wis. 2d 509, 519, 276 N.W.2d 815 (1979). "[W]hen there are several statutes relating to the same subject matter they should be read together and harmonized if possible." *Milwaukee v. Milwaukee County*, 27 Wis. 2d 53, 56, 133 N.W.2d 393 (1965).

¶ 29. We examine first Wis. Stat. § 71.45(1m) (1991–92), the most recent bond statute identified by the insurance companies. This section governs interest income from the obligations authorized to fund Brewers stadium.

¶ 30. For purposes of argument only, we accept the insurance companies' contention that Wis. Stat.

§ 71.45(1m) (1991–92), which exempts the interest income received on "Brewer bonds" from taxation under subchapter VII, exempts the interest income from both the income and franchise taxes. The insurance companies argue that the exemption was effective August 2, 1991, so that it applies to the 1991 tax year in issue in this case.

¶ 31. Wisconsin Stat. § 71.45(1m) (1991–92) exempts interest income received from "Brewer bonds" authorized to finance property that would be exempt from property tax under § 70.11(36) (1991–92). Wisconsin Stat. § 71.45(1m) (1991–92) provides as follows:

> 71.45 Income computation.
>
> . . .
>
> **(1m)** Certain Interest Income Excluded. Interest received on bonds or notes issued by the Wisconsin housing and economic development authority under s. 234.65 to fund an economic development loan to finance construction, renovation or development of property that *would be exempt under s. 70.11(36)* is exempt from taxation under this subchapter (emphasis added).

■

¶ 32. The exemption of the "Brewer bonds" from taxes under subchapter VII thus depends on their exemption from property tax under Wis. Stat. § 70.11(36) (1991–92). The 1991 law specifies that "[t]he treatment of section 70.11(36) of the statutes takes effect on January 1, 1992." 1991 Wis. Act 37, § 22(2). Thus we conclude that Wis. Stat. § 71.45(1m) takes effect on January 1, 1992, not August 2, 1991. Because the last tax year in issue in this case is 1991, the exemption for interest income received on "Brewer bonds" falls outside the time period of our inquiry and

does not affect the determination of whether the Wisconsin franchise tax was a nondiscriminatory franchise tax under 31 U.S.C. § 3124(a)(1) in the tax years in question.[6]

¶ 33. The other three bond statutes and the franchise tax statute can be harmonized to give each full force and effect by acknowledging the legislature's adoption of the long-accepted difference between an income tax and a franchise tax.[7]

¶ 34. The legislature has recognized in the franchise tax statute that the franchise tax is not a tax on income at all. Rather, the state franchise tax is a charge made by the state against a corporation for the privilege of doing business in the state, and the items included in calculating the franchise tax are used to measure the value of that privilege. The Wisconsin franchise tax statute uses a net income calculation under Wis. Stat. § 71.45(2) to determine the taxable

---

[6] By 1995 Wis. Act 27, § 3405r, the legislature has expressly exempted interest income from the obligations issued under the four bond statutes from income tax imposed on insurers under Wis. Stat. § 71.43(1). *See* Wis. Stat. § 71.45(1t) (1995–96). Wisconsin Stat. § 71.45(1t) (1995–96) states:

> The interest and income from the following obligations are exempt from the tax imposed under s. 71.43(1) [the income tax]:
>
> (b) Those issued under s. 66.40;
>
> (c) Those issued under s. 66.431;
>
> (d) Those issued under s. 66.4325;
>
> (e) Those issued under s. 234.65 to fund an economic development loan to finance construction, renovation or development of property that would be exempt under s. 70.11(36).

[7] We need not determine whether the "Brewer bonds" statute can be harmonized with Wis. Stat. § 71.45(2)(a)3. using a similar analysis.

value of the franchise privilege the insurer exercised. The privilege is taxed, not the income.

¶ 35. The state franchise tax is thus distinct from the state income tax, which directly taxes income. As this court long ago recognized, when a privilege tax such as a franchise tax is imposed, "receipts or capital are not taxed as such but are taken as a mere measure of a tax." *Northwestern Mut. Life Ins. Co. v. State*, 163 Wis. 484, 499–500, 155 N.W. 609 (1915), *amended*, 163 Wis. 507, 158 N.W. 328 (1916), *affirmed* 247 U.S. 132 (1918). As the court of appeals has recently explained, "[a]n income tax is levied *on* the income earned by the corporation, while a valid, nondiscriminatory franchise tax is measured *by* the income of the corporation."[8]

¶ 36. Because the legislature did not intend the franchise tax to be a direct tax on interest income from state or local obligations, it could not have intended that interest income from the three bonds be excluded from the calculation of the franchise tax. In other words, a bond statute prohibiting the taxation of interest income from a certain obligation is not applicable when calculating the franchise tax, which is not a tax on the interest income. This interpretation of the franchise tax statute and the three bond statutes gives effect to the language of the franchise statute, which calculates the franchise tax including the interest income from federal obligations and state and local

---

[8] *Savings League of Wisconsin v. Wisconsin Revenue Dep't,* 141 Wis. 2d 918, 925, 416 N.W.2d 650 (Ct. App. 1987), *appeal dismissed for want of a substantial federal question*, 488 U.S. 806 (1988) (emphasis in original). *See also Mobil Oil Corp. v. Ley*, 142 Wis. 2d 108, 115, 416 N.W.2d 680 (Ct. App. 1987)("the tax levied remains a franchise tax calculated by net income. . .not a direct tax on income").

obligations, and to the three bond statutes exempting the interest income from taxes.

¶ 37. Aside from the very nature of the franchise tax, other factors indicate that the legislature did not intend the interest income from the three bond statutes to be excluded from calculating the franchise tax.

¶ 38. First, the legislative history of the franchise tax statute and the three bond statutes demonstrates that the legislature did not intend the interest income from these obligations to be exempt in calculating the franchise tax during the years in question.

¶ 39. The state franchise tax in issue in this case was first enacted in 1965,[9] and insurance companies were not subject to the franchise tax until 1972.[10] Two of the bond statutes were enacted prior to the enactment of the 1965 Wisconsin franchise tax. The housing authority bonds were instituted in 1935 and exempted from taxes in 1937.[11] The city redevelopment authority bonds were authorized in 1958 and amended in 1959 to create a tax exemption.[12] It is reasonable to conclude that when the legislature adopted these two bond statutes, it intended that the interest income be exempt from income tax but not from the calculation of a franchise tax that had not yet been adopted.

¶ 40. The third bond statute relating to the housing and community development authority was enacted in 1967 to enable the city of Milwaukee to

---

[9] Section 74af, ch. 163, Laws of 1965. *See Savings League*, 141 Wis. 2d at 925.

[10] Sections 364–66, ch. 125, Laws of 1972.

[11] *See* ch. 525, Laws of 1935 (currently codified at Wis. Stat. § 66.40).

[12] *See* ch. 3, Sp. Sess., Laws of 1958, and ch. 515, Laws of 1959.

terminate the operation of any housing authority created under Wis. Stat. § 66.40 and of any redevelopment authority created under Wis. Stat. § 66.431 and to establish a housing and urban development authority.[13] The legislature amended the statute in 1987 to include a tax exemption in Wis. Stat. § 66.4325(5m).[14]

¶ 41. The legislative history shows that the community development authority bond statute was created for the same purposes as the other two bond statutes, was to cover the same subject matter as the other two bond statutes and was to replace the other two bond authorities if the city chose to do so. The tax exemption language in this third bond statute is substantially similar to the tax exemption language in the other two bond statutes. It is reasonable to conclude from these similar purposes and language that the legislature intended the interest income from the housing and community development authority bonds to have the same tax exemption as did the interest income from the bonds they replaced, namely an exemption from income tax, not from the calculation of the franchise tax.

¶ 42. After examining this legislative history in light of the nature of the franchise tax, we conclude that the legislature intended the exemption of interest income from taxes in all three bond statutes to be the same: to exempt the interest income from the bonds from state income tax, but not from the calculation of the franchise tax.

¶ 43. A second indication that the legislature did not intend to exclude the interest income from these three bonds from the calculation of the franchise tax is

---

[13] See ch. 273, Laws of 1967. The statute was amended to apply to all cities by § 6, ch. 311, Laws of 1975.

[14] See 1987 Wis. Act 27, § 1228m.

that the insurance companies' interpretation would render part of the franchise tax unconstitutional. If the Wisconsin franchise tax were interpreted to exclude from the calculation of the franchise tax interest income from bonds issued under the three bond statutes while including interest income from federal obligations, the franchise tax would violate 31 U.S.C. § 3124(a)(1) and be unconstitutional to the extent that it was calculated on the basis of interest income from federal obligations.

¶ 44. A cardinal rule of statutory interpretation is that the legislature intended to adopt a constitutional statute and that a court should preserve a law and hold it constitutional when possible. 2A Sutherland Stat. Const. § 45.11 at 48–49 (5th ed. 1992); *State ex rel. Hammermill Paper Co. v. La Pante*, 58 Wis. 2d 32, 46–47, 205 N.W.2d 784 (1973). A court should avoid interpreting a statute in such a way that would render it unconstitutional when a reasonable interpretation exists that would render the legislation constitutional. "Given a choice of reasonable interpretations of a statute, this court must select the construction which results in constitutionality." *State ex rel. Strykowski v. Wilkie*, 81 Wis. 2d 491, 526, 261 N.W.2d 434 (1978).[15]

¶ 45. The insurance companies have not suggested any plausible reason why the legislature would abandon its right to include interest income from fed-

---

[15] Legislative acts are presumed constitutional, and the presumption is particularly strong in the area of taxation. *GTE Sprint Communications Corp. v. Wisconsin Bell*, 155 Wis. 2d 184, 192, 454 N.W.2d 797 (1990) (citing *Madden v. Kentucky*, 309 U.S. 83, 88 (1940)). Unconstitutionality must be established beyond a reasonable doubt. *Treiber v. Knoll*, 135 Wis. 2d 58, 64, 398 N.W.2d 756 (1987).

eral obligations in measuring the taxable value of a corporation's privilege of doing business in order to exempt interest income from three specialized kinds of bonds.[16] It is more reasonable to conclude that the legislature intended to adopt a constitutional franchise tax calculated by including interest income from federal as well as state or local obligations.[17]

[16] Other state courts have similarly interpreted language of legislation exempting interest income from particular bonds in applying 31 U.S.C. § 3124(a)(1). *See, e.g., Astoria Fed. Savings,* 222 A.D.2d at 43–44 (legislative intent that interest income from certain state bonds be exempt from income tax, not franchise tax); *Connecticut Bank & Trust Co. v. Tax Comm'r,* 178 Conn. 243, 423 A.2d 883, 886 (Conn. 1979) (statute exempting interest income from certain state bonds does not "reflect a legislative intent to extend immunity to a tax upon a franchise, measured by net income from all sources"); *National Bank v. Department of Revenue,* 642 P.2d 811, 818 (Alaska 1982) (inclusion of otherwise exempt state bond interest income for purposes of the business tax required to avoid prohibited discrimination against federal securities); *Liberty Mut. Ins. Co. v. Commissioner of Revenue,* 405 Mass. 352, 541 N.E.2d 566, 569 (Mass. 1989) (although legislation exempts income from certain state bonds from taxation, the income is not exempt from forming part of the base on which the excise tax is levied on the privilege of doing business in the state).

[17] The State argues that the court should give weight to the Wisconsin Department of Revenue's interpretation of the statutes and the Department's consistent practice of instructing taxpayers that income from all state and local obligations must be included in the calculation of the state franchise tax. The Department submitted an affidavit to the Tax Appeals Commission stating that it is the practice of the department to include income from state and local bonds in the measure of net income in determining the franchise tax for insurers for the taxable years 1984 through 1991. Because we are persuaded by the other factors we have enumerated, we have not given any

¶ 46. The insurance companies assert that the Wisconsin statutes do not permit the interpretation we have set forth. Citing Wis. Stat. § 71.45(2) (1989–90), the insurance companies argue that the definition of net income for income tax purposes is the same as the definition of net income for franchise tax purposes.[18] They claim "that a holding that interest on the Wisconsin bonds in question is includable in net income for franchise tax purposes, therefore, would *ipso facto* be a holding that such interest is includable in net income for income tax purposes also. In other words, the interest would not be exempt for *any* purpose." Brief for Petitioner-Appellant at 19.

¶ 47. Although Wis. Stat. § 71.45(2) defines income for both the income tax and the franchise tax, the insurance companies' argument is based on an incorrect reading of Wis. Stat. § 71.45(2). To interpret § 71.45(2) we must examine Wis. Stat. § 71.43(2), which sets forth overarching statements governing the relation of the income tax on insurance corporations to the franchise tax imposed on insurers. Section 71.43(2) states that all provisions of chapter 71 relating to income taxation of insurance corporations shall apply

---

weight to, and need not determine what weight, if any, should be given to the interpretation, practice or affidavit of the Department.

[18] At oral argument the State pointed out that Wis. Stat. § 71.45(2)(a)3. (1989–90) distinguishes the treatment of interest income for purposes of determining the net income for the state income tax imposed on an insurer, § 71.43(1), and for the franchise tax, § 71.43(2). Thus the 1989–90 statute appears to recognize that interest income to calculate "net income" may be different for income and franchise tax purposes.

669

to franchise taxes imposed on insurers "unless the context requires otherwise."[19]

¶ 48. Thus the legislature recognizes that differences between the income tax and the franchise tax might require different interpretations of the statutes for purposes of the income and franchise taxes. The legislature has thus made clear in Wis. Stat. § 71.43(2) that the computation of net income for calculating the franchise tax imposed on insurers may, where the context requires, be different from the calculation of net income for purposes of the income tax.

¶ 49. We conclude that in the context of Wis. Stat. § 71.45(2)(a) and 31 U.S.C. § 3124(a)(1), interest income from obligations authorized under these three bond statutes is to be included in the calculation for franchise tax purposes, regardless of how the interest income is treated for income tax purposes.

¶ 50. All these legislative indicators support the conclusion that the legislature intended interest income from the obligations authorized under the three bond statutes to be included for purposes of calculating the franchise tax.

---

[19] Wis. Stat. § 71.43(2) governing the franchise tax imposed on insurers provides *inter alia*:

> All provisions of this chapter and ch. 73 relating to income taxation of corporations shall apply to franchise taxes imposed under this subsection, unless the context requires otherwise. The tax imposed by this subsection on insurance companies subject to taxation under this chapter . . . shall be based on Wisconsin net income computed under s. 71.45, and no other provision of this chapter relating to computation of taxable income for other corporations shall apply to such insurance companies.

Wis. Stat. § 71.42 defines corporation to mean:

> insurance corporations, insurance joint stock companies, insurance associations and insurance common law trusts, unless the context requires otherwise.

¶ 51. Thus, we conclude that the interest income from three state and local obligations identified by the insurance companies is not excluded from the calculation of the franchise tax under Wis. Stat. §§ 71.43(2) and 71.45(2)(a)3. (1987–88) during the tax years in question. We further conclude that the interest income from the "Brewer bonds" falls outside the time period of our inquiry and does not affect the determination of whether the Wisconsin franchise tax was a nondiscriminatory franchise tax under 31 U.S.C. § 3124(a)(1) in the tax years in question. Accordingly we conclude that the Wisconsin franchise tax is a "nondiscriminatory franchise tax" within 31 U.S.C. § 3124(a)(1). The decision of the court of appeals is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded.