PATIENCE DRAKE ROGGENSACK, J.
¶ 64. (concurring.) I join the majority opinion's thoughtful discussion of the petitioners' challenge to Wis. Stat. ch. 770 and its reasoned decision that is well grounded in foundational legal principles. I write in concurrence to further discuss the presumption of constitutionality *175 and the importance of the burden of proof that we must employ when a legislative enactment is challenged on constitutional grounds. I do so to illustrate that judicial decision-making is not based on whether the statute reviewed is grounded in a liberal legislative philosophy or in a conservative legislative philosophy. But rather, judicial decision-making is driven by foundational legal principles that require challengers to overcome the statute's presumption of constitutionality and to prove that the statute is unconstitutional beyond a reasonable doubt if their challenge is to succeed.
I. BACKGROUND
¶ 65. The petitioners request us to conclude that Wisconsin's domestic partnership law creates a "legal status" that is "substantially similar to that of marriage for unmarried individuals" contrary to the prohibition of Article XIII, Section 13 of the Wisconsin Constitution, which provides in its entirety:
Marriage. Section 13. Only a marriage between one man and one woman shall be valid or recognized as a marriage in this state. A legal status identical or substantially similar to that of marriage for unmarried individuals shall not be valid or recognized in this state.
II. DISCUSSION
¶ 66. In order to prevail, petitioners must overcome the presumption that Wisconsin's domestic partnership law is constitutional and prove that it is unconstitutional beyond a reasonable doubt. Tammy W-G. v. Jacob T., 2011 WI 30, ¶ 46, 333 Wis. 2d 273, 797 N.W.2d 854. The proof that is required is not proof in an evidentiary sense, as we usually understand burdens of proof. Rather, it is proof that "establishes the force or *176 conviction with which a court must conclude, as a matter of law, that a statute is unconstitutional." Dane County Dep't of Human Servs. v. Ponn P, 2005 WI 32, ¶ 18, 279 Wis. 2d 169, 694 N.W.2d 344.
A. Standard of Review
¶ 67. Whether a statute is facially unconstitutional is a question of law that we independently review, and while we give no deference to prior court decisions, we do benefit from their analyses. State v. McManus, 152 Wis. 2d 113, 129, 447 N.W.2d 654 (1989).
B. Constitutional Challenges
1. Judicial review
¶ 68. When we review a challenge to the constitutionality of a statute, we apply foundational legal principles to each case that comes before us. For example, there is a general presumption that all legislative acts are constitutional. Bostco LLC v. Milwaukee Metro. Sewerage Dist., 2013 WI 78, ¶ 76, 350 Wis. 2d 554, 835 N.W.2d 160. The challenger must overcome this presumption. Id. The challenger also must prove that the statute is unconstitutional beyond a reasonable doubt. GTE Sprint Commc'ns Corp. v. Wis. Bell, Inc., 155 Wis. 2d 184, 192, 454 N.W.2d 797 (1990). The heavy burden that a challenger must meet is based on our respect for the legislature as a co-equal branch of government. Ponn P., 279 Wis. 2d 169, ¶ 16. Our procedures promote due deference to the legislature's constitutional function. Id. (citing State v. Cole, 2003 WI 112, ¶ 18, 264 Wis. 2d 520, 665 N.W.2d 328). This deference is grounded in the recognition that creating distinctions upon which public policies for the state are *177 based is the legislature's constitutional prerogative. Doering v. WEA Ins. Group, 193 Wis. 2d 118, 132, 532 N.W.2d 432 (1995).
¶ 69. We resolve any doubt about whether a statute is constitutional by upholding the legislature's enactment. Cole, 264 Wis. 2d 520, ¶ 11. Therefore, it is insufficient for a challenger to show that the statute's constitutionality is doubtful or even that the statute probably is unconstitutional. Id.; Jackson v. Benson, 218 Wis. 2d 835, 853, 578 N.W.2d 602 (1998). Furthermore, given alternate interpretations of a statute, we employ the interpretation that will sustain its constitutionality. Am. Family Mut. Ins. Co. v. DOR, 222 Wis. 2d 650, 667, 586 N.W.2d 872 (1998). Stated otherwise, if it is shown that there are applications or interpretations of the statute that would be constitutional, the challenge will fail. Cole, 264 Wis. 2d 520, ¶ 30.
2. Application
¶ 70. The majority opinion carefully addresses petitioners' facial challenge to Wisconsin's domestic partnership law to determine whether that law creates a "legal status" that is "substantially similar to that of marriage for unmarried individuals." It does so within the court's well-defined framework for analyzing facial constitutional challenges. First, the majority opinion accords the domestic partnership law "a strong presumption" that it is constitutional.[1] Second, the majority opinion holds the challengers to their obligation to overcome this presumption and to prove beyond a reasonable doubt that the law is not constitutional.[2] *178 In the process that it applies, the majority opinion is consistent with the process applied by the court in Madison Teachers, Inc. v. Walker, 2014 WI 99, ¶ 76, _ Wis. 2d _, 851 N.W.2d 337, where the constitutionality of the 2011 budget repair bill, otherwise known as Act 10, was challenged.
¶ 71. In Madison Teachers, the majority opinion applies the same basic analytic framework as the majority opinion does here. It accords the same presumption of constitutionality to Act 10.[3] Madison Teachers also resolves any doubt about the constitutionality of Act 10 in favor of upholding the statute, by requiring plaintiffs to prove the law unconstitutional beyond a reasonable doubt, a burden they did not meet.[4]
¶ 72. Because understanding our decision today requires some appreciation of the foundational legal principles employed in the judicial decision-making that attends facial constitutional challenges, I write to discuss that aspect of our decision, and accordingly, I respectfully concur.

 Majority op., ¶ 17 (quoting Georgina G. v. Terry M., 184 Wis. 2d 492, 515, 516 N.W.2d 678 (1994)); see also ¶ 57.

 Id.

 See Madison Teachers, Inc. v. Walker, 2014 WI 99, ¶¶ 13, 76, _ Wis. 2d 851 N.W.2d 337.

 See id., ¶¶ 44, 73.