f 136.
MICHAEL J. GABLEMAN, J.
(concurring). I agree with the lead opinion that the criminal history reports that are at issue in this case are inaccurate as a matter of law under Wis. Stat. § 19.70. I further agree that DOJ is required to correct the inaccurate information. I therefore join part of the lead opinion[1] *526 and concur in the mandate of the court. I part ways with the lead opinion, however, to the extent that it also purports to resolve the petitioners' constitutional claims, and for that reason I write separately.
¶ 137. Wisconsin Stat. § 19.70 provides that a person may challenge, in writing, the accuracy of a public record maintained by a government authority when that document contains personally identifiable information pertaining to that person. Wis. Stat. § 19.70(1). In response to a challenge under § 19.70, the authority must make a decision: it shall either "correct the information" if it concurs with the challenge, or it shall issue a written denial if it denies the challenge. § 19.70(l)(a)-(b). If it denies the challenge, it shall also afford the challenger an opportunity to file a concise written statement setting forth the challenger's reasons for disputing the accuracy of the record. § 19.70(l)(b).
¶ 138. The lead opinion concludes, and I agree, that "the record at issue in this case is the report created in response to a request for a Criminal History Search," lead op., ¶ 25, and that Wis. Stat. § 19.70 applies to the reports because they contain personally identifiable information pertaining to Teague and the other petitioners, id., ¶¶ 28-29. I further agree that, because "DOJ has known ATP's criminal history report does not relate to Mr. Teague ever since it issued Mr. Teague's innocence letter ... by continuing to produce that report in response to an inquiry into whether Mr. Teague has a criminal history, [DOJ] is providing inaccurate information." Id., ¶ 34. Not only has this inaccuracy occurred in past reports, but it will continue to recur unless DOJ makes corrections. "The inaccuracy arises when the DOJ provides that report to someone asking whether Mr. Teague has a criminal *527 history. It is the DOJ itself that is affirmatively creating the inaccuracy, and Mr. Teague has successfully demonstrated that Wis. Stat. § 19.70 entitles him to have this inaccuracy corrected." Id., ¶ 35.
f 139. However, I do not conclude, as the lead opinion does, that "corrections under § 19.70 will likely never have anything more than a retroactive effect." Id. Rather, I interpret Wis. Stat. § 19.70(l)(a) to require that, at a minimum, DOJ must make corrections sufficient to prevent the same inaccuracy from recurring the next time someone requests Teague's criminal history report. Complying with § 19.70(l)(a) requires "correcting] the information," and in Teague's case, DOJ is providing inaccurate information by incorrectly presenting ATP's criminal history as Teague's when, in fact, DOJ knows that Teague has no criminal history. Merely retracting a single report amounts to no correction at all, because the database will continue to generate the same report with the same inaccuracies. Therefore, under the facts here—where DOJ knows its database is repeatedly producing the same inaccuracy—I conclude that "correcting] the information" under § 19.70(l)(a) requires ensuring that ATP's criminal history will no longer be inaccurately reported as Teague's. I agree with Justice Abrahamson that § 19.70 "would be an ineffective, worthless provision" if Teague did not have a remedy under the statute. Justice Abrahamson's opinion, ¶ 118.
¶ 140. Holding that Teague and the other petitioners are entitled to this remedy under Wis. Stat. § 19.70 is enough to resolve this appeal.[2] Conse *528 quently, there is no need to address the constitutional arguments presented. It is well established that we construe statutes to avoid constitutional infirmities. "A court should avoid interpreting a statute in such a way that would render it unconstitutional when a reasonable interpretation exists that would render the legislation constitutional." Am. Family Mut. Ins. v. DOR, 222 Wis. 2d 650, 667, 586 N.W.2d 872 (1998). Similarly, "[t]his court has frequently concluded that it need not address a claim of constitutional error if the claim can be resolved on statutory or common law grounds." State v. Dyess, 124 Wis. 2d 525, 533, 370 N.W.2d 222 (1985); see State v. Bobby G., 2007 WI 77, ¶ 3, 301 Wis. 2d 531, 734 N.W.2d 81 ("Because we can resolve the case on statutory grounds, we decline to address the constitutional issues presented . . . .").
¶ 141. Nevertheless, despite its holding that Wis. Stat. § 19.70 "entitles [Teague] to have this inaccuracy corrected," lead op., ¶ 35, the lead opinion concludes that the § 19.70 "procedures are inadequate safeguards for Mr. Teague's liberty interest," id., ¶ 78. The lead opinion speculates that "it appears this procedure may provide only incomplete relief." Id., ¶ 74. This speculation is an inadequate basis upon which to resolve matters of constitutional magnitude.
¶ 142. If the lead opinion's speculation turns out to be correct, the statutes already provide an avenue for relief. Petitioners may seek judicial review of DOJ's final decision under Wis. Stat. § 19.70.1 conclude—and DOJ acknowledged at oral argument—that chapter 227 of the statutes permits judicial review of § 19.70 decisions. Chapter 227 provides for judicial review of "[administrative decisions which adversely affect the *529 substantial interests of any person, whether by action or inaction, whether affirmative or negative in form." Wis. Stat. § 227.52. If DOJ's final decision under § 19.70 adversely affects Teague's "substantial interests," then § 227.52 applies and Teague would have standing if he could "demonstrate both that [he] sustained [an] alleged injury due to the agency decision, and that the injury is to an interest which the law recognizes or seeks to regulate or protect." Waste Mgmt. of Wis., Inc. v. DNR, 144 Wis. 2d 499, 505, 424 N.W.2d 685 (1988).
¶ 143. Here, the interest protected by Wis. Stat. § 19.70 is the interest in having inaccurate information corrected. As the lead opinion aptly describes it, § 19.70 provides a process by which the subject of a public record "may, upon discovering an inaccuracy in that record, engage a statutory mechanism to have it corrected." Lead op., ¶ 21. This mechanism requires DOJ to respond to the challenge by issuing a decision and either concurring with the challenge or denying the challenge. See § 19.70(l)(a)-(b). In Teague's case, if the action DOJ ultimately takes to correct the criminal history reports under § 19.70 is insufficient to remedy Teague's injury, then Teague may seek judicial review under Wis. Stat. § 227.52.
f 144. Because the statutes provide the petitioners with a remedy, I see no need to decide the constitutional issues presented. Accordingly, I join Parts I, II, III, IV.A, IV.C, and V of the lead opinion, but I do not join Part IV.B or the last two sentences of Part IV.A. I write separately to explain my view that resolving Teague's statutory claim under Wis. Stat. § 19.70 is sufficient to resolve this appeal.
¶ 145. For the foregoing reasons, I respectfully concur.
*530 ¶ 146. I am authorized to state that Chief Justice PATIENCE DRAKE ROGGENSACK joins this concurrence.

 More specifically, I join Parts I, II, III, IV.A, IV.C, and V of the lead opinion, but I do not join Part IV.B or the last two sentences of Part IV. A. I also note that I agree with footnote 39 in the lead opinion, describing the effect that this court's mandate should have on remand to the circuit court.

 DOJ argues that Wis. Stat. § 19.70 has no application to this case because the petitioners never challenged the "accuracy" of any record. I join a majority of justices in rejecting that argument, and I conclude that § 19.70 entitles the petitioners *528 to have the inaccuracies corrected. In my opinion, the task of crafting an appropriate order is best left to the circuit court.